## JAMES HAWKS *v.* STATE OF MARYLAND.

### [No. 92, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*G. L. Pendleton,* for the appellant.

*Wm. Preston Lane, Jr., Attorney General, G. C. A. Anderson, Assistant Attorney General,* and *James Clark, State's Attorney for Howard County,* submitting on brief, for the State.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Howard County dismissing a petition for a writ of error *coram nobis,* filed in that court by the appellant.

The record discloses that the defendant, with others, was indicted for breaking in a storehouse. The indictment contained three counts. He was arraigned on December 17th,

1930. On the same day, the State abandoned the second and third counts and the defendant pleaded guilty to the first; whereupon he was sentenced to St. Mary's Industrial School until he arrived at the age of twenty-one years. On December 22nd, 1930, his sentence to St. Mary's Industrial School was stricken out, and on the same day he was sentenced to be confined in the Maryland House of Correction for the term of four years.

On the 2nd day of June, 1931, nearly six months thereafter, the defendant filed his petition in the Circuit Court for Howard County asking for the writ of error *coram nobis,* alleging therein that, upon the motion of the State, the judgment and sentence of December 17th, 1930, was stricken out by the court on December 22nd, 1930, and, on the same day, the defendant was sentenced to confinement in the Maryland House of Correction for the term of four years. It is further alleged in the petition that the record fails to disclose that, at the time of the last sentence, the defendant was before the court, and that the first and last sentence differed both as to the place and the period of confinement. The defendant concludes his petition by alleging that because of these alleged facts he was deprived of his rights under the Fourteenth Amendment, section 1, of the Federal Constitution, and that, as a result thereof, the court was without jurisdiction.

The writ of error *coram nobis* is an old common law writ recognized in this state. Its functions differ from an ordinary writ of error in that the latter raises questions of law, while it deals only with facts which, if known at the time the judgment was rendered, would have prohibited its rendition. It is also unlike a writ of error, as it is addressed to the court which rendered the judgment, while a writ of error is addressed to some other and superior court. *Hawkins v. Bowie,* 9 G. & J. 428; *Bridendolph v. Zellers' Excrs.,* 3 Md. 325; *Kemp v. Cook,* 18 Md. 130; *Emersonian Apartments v. Taylor,* 132 Md. 209, 103 A. 423; 2 *R. C. L.,* p. 307, par. 262; 2 *Poe, Pl. & Pr.,* p. 778, par. 818.

Mr. Poe, in speaking of this writ, says: "Errors of law, committed by the lower court and embodied in its judgment,

could not lawfully be re-examined and reversed by the same court—but the only mode by which, in the absence of special statutory authority, they could be reached and corrected was by formal writ of error to another and higher tribunal of competent jurisdiction. It sometimes happens, however, that an error of fact was committed in the inferior court—as, for example, an error in the process or through default of the clerk; or where the defendant, being under age, appeared by attorney; or the plaintiff or defendant, was a married woman; or died before verdict or interlocutory judgment. In these cases, the party aggrieved was entitled to sue out in the same court where the record remained a writ of error *coram nobis,* or as it is often erroneously called, *coram vobis,* upon which the court itself would review its own record and correct the alleged error if it appeared to be one of fact merely. The cases in which correction was made under this writ were obviously very rare, for the reason that the errors alleged to be errors of fact most frequently proved to be errors in law, and were not, therefore, open to correction, except upon the ordinary writ of error."

It will be observed that the petition of the appellant alleges no facts of any kind unknown to the court at the time the appellant was sentenced to confinement in the Maryland House of Correction, which would have prevented or prohibited the rendition of that judgment. The petition alleges the court had committed errors of law and, as a result of such errors of law, the petitioner had been deprived of his constitutional rights. These questions arising from errors of law could have been raised by a motion for a new trial or by an appeal, but he neglected to avail himself of either of those remedies within the time allowed him.

The writ has largely fallen into disuse, inasmuch as the same results are usually obtained by a motion addressed to the court asking it to correct its own record.

The court, we think, acted properly in dismissing the petition, and the judgment appealed from will be affirmed.

*Order appealed from affirmed, with costs.*