# BERNARD v. STATE

[No. 130, October Term, 1948.]

*Decided April 1, 1949.*

Submitted on briefs before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Clarence B. Bernard, *in pro. per.*

Hall Hammond, *Attorney General,* Harrison L. Winter, *Assistant Attorney General,* and *James C. Morton, Jr., State's Attorney for Anne Arundel County,* for the appellee.

DELAPLAINE, J. delivered the opinion of the Court.

This appeal was brought here by Clarence B. Bernard from an order of the Circuit Court for Anne Arundel County dismissing his petition for a writ of error *coram nobis.*

On March 26, 1943, petitioner was convicted of larceny by the Circuit Court for Montgomery County and was sentenced to serve four years in the Maryland House of Correction. On June 2, 1945, while he was serving that sentence, a riot occurred in the House of Correction, and he was one of the prisoners who were tried by the Circuit Court for Anne Arundel County for riot and assault. On August 2, 1945, he was convicted thereof and he was given an additional sentence of five years. He claims that he was not lawfully tried and convicted.

First, appellant alleges that he was prosecuted for the riot upon information given to the warden of the House of Correction by five other inmates; that the accusations made by them were founded upon malice; that, as a result of these false accusations, he was charged with riot and assault upon seven officials at the House of Correction; and that these seven men will testify that they were never assaulted by appellant at any time. He further alleges that he was indicted as a result of false testimony given to the grand jury; and that the warden refused to furnish him with a copy of the indictment, although the warden did read the indictment to him.

Secondly, appellant alleges that he wanted to send a telegram to his wife to ask her to employ counsel for him, and he delivered the message to the warden on July 11, 1945, but it was not read to his wife until July 25, only a few days before his trial. He alleges that he did not request the Court to appoint counsel, but was forced to accept counsel appointed by the Court, and his counsel would not allow him to call witnesses in his defense. He also alleges that there was no evidence to prove that he committed the offenses for which he was indicted; and that, after he was convicted, he wanted to appeal, but the warden destroyed his notice of appeal.

The purpose of the writ of *error coram nobis*, which is an old common-law writ recognized in this State, is to bring before the court a judgment previously rendered by it for the purpose of modification on account of some error of fact which affected the validity and regularity

4

of the proceedings, and which was not brought into issue at the trial of the case. The writ differs from an ordinary writ of error in that it does not remove the case to a higher court for review, and it lies only for errors of fact not apparent of record, instead of for errors of law apparent of record. It does not lie to permit a review of the evidence given in connection with the issues actually tried in order to determine whether witnesses who actually testified before a jury sworn on those issues testified falsely. The writ will lie to set aside a judgment obtained by fraud, coercion, or duress, or where a plea of guilty was procured by force, violence, or intimidation, or where at the time of the trial the defendant was insane, when such facts were not known to the trial court when the judgment was entered, or where the accused was prevented by fraud, force, or fear from presenting defensive facts which could have been used at his trial, when such facts were not known to the court when the judgment was entered. The writ will not lie to correct an issue of fact which has been adjudicated even though wrongly determined; nor for alleged false testimony at the trial; nor for newly discovered evidence. The writ will not lie where the accused has another adequate remedy at law, as by motion for a new trial, an appeal to a higher court, or other existing statutory proceeding. *Hawks v. State,* 162 Md. 30, 157 A. 900; *Keane v. State,* 164 Md. 685, 166 A. 410.

We find that petitioner failed to allege any ground upon which the writ of *error coram nobis* should issue. A review of the allegations in the petition does not show the existence of any material fact not known to the Court at the original trial. See *United States v. Calp,* D. C., 83 F. Supp. 152. His allegations that he was deprived of constitutional rights, including the right to the assistance of counsel, were contained in his petitions for habeas corpus. His first petition came before the Court of Appeals in *Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 49 A. 2d 737. There he alleged that the indictment had been obtained by false testimony;

that no sufficient evidence was produced at the trial to convict him; and that the warden had attempted to prevent him from taking an appeal to the Court of Appeals by destroying his notice of appeal. We found from affidavits that there was no foundation for the charge that a paper intended as an appeal had been handed to the warden and destroyed by him. Petitioner also filed a petition for habeas corpus in the United States District Court on practically the same grounds. The writ was refused and an appeal from that action was dismissed by the Circuit Court of Appeals. *Bernard v. Brady,* 4 Cir., 164 F. 2d 881. Two petitions for habeas corpus were likewise denied by the Supreme Court of the United States. *Bernard v. Wright,* 326 U. S. 689, 66 S. Ct. 134, 90 L. Ed. 405; *Ex parte Bernard,* 330 U. S. 805, 67 S. Ct. 975, 91 L. Ed. 1263. Another petition came before the Court of Appeals in *State ex rel. Bernard v. Warden of Maryland Penitentiary,* 191 Md. 741, 59 A. 2d 744, wherein he alleged that he was forced to take a lawyer appointed by the Court, and that he was not allowed to communicate with anyone until shortly before his trial. Here again this Court held that he had failed to allege any violation of fundamental right, and we denied his application for leave to appeal from refusal of the writ.

For the reasons stated we accordingly affirm the order of the Court below dismissing this petition.

*Order affirmed, without costs.*