BEARD *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 45, October Term, 1956.]

*Decided January 4, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Hammond, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Michaelson of the Circuit Court for Anne Arundel County. Petitioner was con-

victed of a violation of the narcotics law and sentenced on December 17, 1952, to fifteen years as a third offender, as prescribed by Code, 1951, Art. 27, Sec. 369, enacted as Chapter 466 of the Acts of 1951.

In his petition to the Circuit Court the applicant based his right to relief on two grounds. First, he says that he is being illegally confined because his sentence was based on a law that is unconstitutional because *ex post facto*. Second, he alleges that while incarcerated in the Maryland Penitentiary, he filed his appeal from judgment and sentence on December 23, 1952, which was within the then prescribed period of ten days, but the appeal "was not permitted to leave the institution until on or about January 14, 1953"—two weeks after the time for appeal had expired. Apparently because the appeal was received late, the record never came to this Court.

It has been held, as Judge Michaelson held on the first point, that a statute imposing a greater punishment on a previously convicted defendant does not create a new offense but only an added penalty, is prospective in operation, not retrospective, and is constitutional. *Maguire v. State,* 47 Md. 485; *Hall v. State,* 121 Md. 577; *Gryger v. Burke,* 334 U. S. 728, 92 L. Ed. 1683. We find it unnecessary to decide the point. In *Superintendent v. Calman,* 203 Md. 414, we reiterated previous decisions that the judgment of a court of general jurisdiction, which has power to decide constitutional questions and questions of its own jurisdiction, is not a nullity, and that *habeas corpus* is not an available remedy when the judgment was not a nullity and direct appeal is or was available.

Here the applicant had the right of appeal from a judgment that was not a nullity. If he did not exercise that right, he is foreclosed now from challenging by *habeas corpus* the constitutionality of the statute under which he was imprisoned. If he did attempt to exercise it, but was prevented from doing so by the prison authorities, the answer is different.

Judge Michaelson did not deal with the applicant's contention that he was prevented from filing a timely appeal. The Attorney General has informed us that the appeal is dated December 23, 1952, as alleged by the petitioner, but that it

was not censored and mailed until January 13, 1953. Whether the letter of appeal was pre-dated or delayed in transmission by the Penitentiary, by accident or design, cannot be told from the record. If the applicant did all that he could to note an appeal in due time and was prevented from making the appeal effective as he claims, he is entitled to a delayed appeal. *Coates v. State,* 180 Md. 502, 504; *Bernard v. Warden,* 187 Md. 273, 282. On such an appeal, among other things, he could, if he still desired to do so, challenge the constitutionality of Chapter 466 of the Acts of 1951.

Since the petition on its face raised questions of constitutional rights that should have been resolved, we will remand the case so that the writ may issue and a hearing be held to determine whether the allegations as to the attempt to appeal are true. If the trial court determines that the applicant's allegations are true and he is entitled to an appeal, a certified copy of his findings should be sent to the Clerk of the Criminal Court of Baltimore, who should promptly prepare and forward to this Court the record in the case. The Supreme Court decided in *Dowd v. United States,* 340 U. S. 206, 95 L. Ed. 215, that, under circumstances not to be distinguished from those in this case, the State must either furnish the delayed appeal or release the prisoner.

*Case remanded for further proceedings in conformity with the views herein expressed; costs to abide the result.*