CARDER *v.* STATE

[No. 264, September Term, 1957.]

*Decided June 13, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by Elmer J. Carder, *pro se,* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Paul M. Fletcher, State's Attorney for Allegany County,* on the brief, for the appellee.

PER CURIAM.

Elmer Carder was sentenced by Judge George Henderson of the Circuit Court for Allegany County to eighteen months in the Maryland House of Correction for larceny and receiving stolen goods. He escaped, was recaptured, and pleaded guilty to jail breaking. He was sentenced, again by Judge Henderson, to confinement in the Maryland Penitentiary for four years, but this sentence was suspended and, as to it, Carder was placed on parole for ten years. On July 3, 1954, he completed serving his sentence for larceny. On February 5, 1957, Carder was found guilty of violation of parole, his parole was stricken out, and he was ordered to serve four years from December 28, 1956. His petition for a writ of error *coram nobis* was denied by Judge Harris and he appeals, contending that his larceny sentence of eighteen months and his jail break sentence ran concurrently. "The purpose of the writ of *error coram nobis* \* \* \* is to bring before the court a judgment previously rendered by it for the purpose of modification on account of some error of fact which affected the validity and regularity of the proceedings, and which was not brought into issue at the trial of the case." *Bernard v. State,* 193 Md. 1, 3-4; *Madison v. State,* 205 Md. 425. It is plain then that appellant's attempt to use the writ for the relief he seeks is inappropriate and unavailing. If the application be treated as seeking the writ of *habeas corpus,* appellant still could not prevail; inasmuch as he has not served so much of his sentence as he concedes was within the power of the court to impose, the application would be premature. *Ramberg v. Warden,* 209 Md. 631, 633.

*Order affirmed, with costs.*