## JACKSON v. STATE

[No. 53, September Term, 1958.]

*Decided October 23, 1958.*

*Motion for rehearing filed October 31, 1958, denied November 12, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*David Ross,* with whom was *William H. Jackson,* in proper
person, on the brief, for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,*
with whom were *C. Ferdinand Sybert, Attorney General,* and
*J. Harold Grady, State's Attorney for Baltimore City,* on the
brief, for appellee.

PER CURIAM.

This appeal is from the denial by the Criminal Court of
Baltimore of a petition for a writ of error *coram nobis.* The
defendant-appellant, Jackson, was convicted in that court on
each of four counts of an indictment, and was sentenced to
three years' imprisonment. The first two counts were based
upon forgery (forgery of a bill of exchange (a check) for
$76.16) and uttering a forged bill of exchange (the same
check). The third and fourth counts, also based upon the
same check, charged obtaining money by false pretenses. The
first two counts were evidently intended to charge violations
of Section 51 of Article 27 of the 1951 Edition of the Code
(Section 44 of that Article in the 1957 Edition). The third
count was apparently founded upon Section 165 of Article 27
of the 1951 Code (Section 140 of Article 27 of the 1957
Code). Each of these first three counts contained the usual
phrase "contrary to the form of the Act of Assembly in such
case made and provided," but none of them referred spe-
cifically to any statute. The fourth count referred specifically
to Section 167 of Article 27 of the 1951 Code (Section 142
of that Article in the 1957 Edition). Section 167 was amended
by Chapter 11 of the Acts of 1955, so as to limit the term of
imprisonment for offenses thereunder in cases involving less
than $100 to not more than eighteen months. The maximum

imprisonment permitted under each of the first three counts exceeded three years.

Jackson's conviction came before this Court on a direct appeal in *Jackson v. State,* 214 Md. 454, 135 A. 2d 638, *certiorari denied* 356 U. S. 940. In that case Jackson, after having accepted, later rejected the assistance of counsel and elected to file his own brief. (He has also filed his own brief and reply brief in this case, though court-appointed counsel (not his original trial counsel) appeared on his behalf at the argument in this Court.) In the former case, Jackson's conviction was affirmed.

The contentions upon which he seeks a writ of error *coram nobis* are: (1) that the evidence supported a charge of obtaining money by false pretenses, but not of forgery; (2) that his trial counsel was incompetent; and (3) that the entire indictment was founded upon Section 167 of Article 27 of the 1951 Code (as amended) and that he should have been tried and sentenced only under that Section. His assertions in his reply brief in this Court that Section 167 was not referred to in any count and that it was referred to on the back of the indictment, [presumably] as applicable to all counts, are incorrect. As above stated, it appears in the fourth count and not in any of the first three. No statute is referred to on the back of either the original indictment or of the copy thereof furnished to the appellant and transmitted by him to this Court in connection with a *habeas corpus* case. On the back of both the original and the copy there appears this statement of the offenses charged, with no reference to any statute:

"FORGERY, ETC.

FALSE PRETENSES."

"FORGERY, ETC." is typed; "FALSE PRETENSES" is printed.

None of the appellant's claims constitutes a ground for the issuance of a writ of error *coram nobis.* As was said in *Keane v. State,* 164 Md. 685, 692, 166 A. 410, "By the decided weight of authority * * * the remedy is not broad enough to reach every case in which there has been an erroneous or

unjust judgment, on the sole ground that no other remedy exists, but it must be confined to cases in which the supposed error inheres in facts not actually in issue under the pleadings at the trial, and unknown to the court when the judgment was entered, but which, if known, would have prevented the judgment." See also *Hawks v. State,* 162 Md. 30, 157 A. 900; *Bernard v. State,* 193 Md. 1, 65 A. 2d 297; *Madison v. State,* 205 Md. 425, 109 A. 2d 96; *Johnson v. State,* 215 Md. 333, 138 A. 2d 372; *Johns v. State,* 216 Md. 218, 140 A. 2d 56.

*Order denying petition affirmed.*