BUSHEY ᴇᴛ ᴀʟ. *v.* STATE ROADS COMMISSION
OF MARYLAND

[No. 196, September Term, 1962.]

*Decided March 20, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*William B. Dulany,* for appellants.

*J. Thomas Nissel, Special Attorney,* with whom were *Thomas B. Finan, Attorney General, Joseph D. Buscher, Special Assistant Attorney General,* and *E. O. Weant, Jr., Special Attorney, Westminster, Md.,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The Circuit Court for Carroll County dismissed an appeal to that court by property owners from an award of the Board of Property Review (Board), on the ground that the appeal had not been taken within the statutory period of thirty days after the award. Code (1957), Article 89B, § 18; *Volz v. State Roads Commission,* 221 Md. 209, 214, 156 A. 2d 671.

The appellant poses two questions: (1) "Did appellants' verbal advices of objection to the award of the Board of Property Review to a member thereof and to appellee within 30 days, meet the statutory requirements so as to entitle them to have their lands condemned and valued in the proper court under the normal proceedings for eminent domain?"; and (2), Is the appellee precluded from denying appellants a condemnation suit by virtue "of the actions and inactions" of appellee and the Board, causing appellants to believe that action to assure an ordinary condemnation proceeding had been taken?

The two questions may be considered together. Appellants are the owners of property in Carroll County through which appellee desired to construct a highway. On June 22, 1961, appellee filed its plats or maps, and deposited with the clerk of court its check for the benefit of appellants in the amount of $4,610 for the land to be taken. Appellants did not agree with the figure of $4,610 as being the fair value of the property; whereupon the matter, in accordance with the statute, was referred to the Board. After hearing before said Board, an award of $6,500 was made by it, on August 16, 1961. On September 5, 1961, Richard L. Schindel, Senior Right of Way Agent of the appellee, called upon appellants and informed them that appellee had accepted said award. They told Schindel they were dissatisfied with the award. Schindel then, according to appellants, told them to send a letter of objection to appellee's Baltimore office, without specifying any time within which it should be sent. Schindel, on the other hand, testified that he informed the appellants that they had to appeal in writing within 30 days after the award; and C. Rogers Hall, Chairman of the Board of Property Review, testified that he informed the appellants of their right to appeal within 30 days of the award.

On September 22, 1961, more than 30 days after August 16, appellants addressed a letter to appellee's Baltimore office stating they were dissatisfied with the award. On October 25, Schindel again called upon appellants and informed them their appeal had not been taken within the time prescribed by law. In March of 1962, appellants filed a "petition and order for appeal" in the Circuit Court for Carroll County, which, as noted above, was dismissed, and this appeal followed.

This states all of the pertinent facts except appellants claim that John S. Bushey, one of the appellants, contacted a certain Mr. Brett, a member of the Board, and told him that he (Bushey) was dissatisfied with the award. Then, without stating anything that Brett said, Bushey testified that he concluded, from this conversation, that the appellee would proceed with the usual condemnation proceedings. And one of the appellants testified that after appellants had been notified

their appeal had been taken too late, he telephoned a member of the State Roads Commission and asked him "if he could take care of the case for us and he told us [sic] that he could."

In the *Volz* case, *supra,* the course to be followed under Article 89B, § 18 by a dissatisfied property owner in order to effectuate his "appeal" from the award of the review board was clearly set forth. (For the present procedure, see Rule U20.) He should file, within 30 days, his notice of "appeal" in the appropriate court in whose jurisdiction the property is situated. And "he must give notice [in writing] to the commission and the commission must thereupon proceed to file its petition [for condemnation], and the primary function of the notice seems to be to set the machinery in motion for filing of the petition." 221 Md. at page 215.

The appellants concede they failed to comply with the provisions of the statute, and it is difficult to set forth with certainty their argument offered as an excuse for failing to do so. They seem to think that there was a duty upon the Board and the appellee to apprise them of the requirements for them to take an "appeal." If we assume that to be so, both Schindel and Rogers Hall testified, flatly, that they notified appellants the "appeal" must be taken within 30 days, and the trial judge, apparently, adopted this version of the matter.

The crux of their argument is covered in the following passage in their brief: "The fact that verbal notice was given within 30 days, coupled by the written notice a few days beyond the period, in view of the facts outlined above and of the informality of the entire proceedings, presents a situation where the court should have exercised a reasonable discretion and allowed the appeal." This argument is patently faulty. First, it overlooks completely the requirement to "appeal" to the court by assuming the only notice required was to the appellee. Further, it assumes that where an appeal is permitted by law, but is required to be noted or filed within a certain time, the court has a "reasonable discretion" to allow an appeal although not filed within the specified time. The courts have no such power, unless given the same by statute, rule of court, or constitutional provision.

158

As the "appeal" was not taken within the time prescribed by the statute, the trial judge was correct in dismissing it. *Kloze v. Provident Bank,* 220 Md. 469, 154 A. 2d 711, and cases therein cited.

The appellant attempts to raise one other point, but an examination of the record fails to show that it was raised or decided below; hence it is not before us for consideration. Rule 885.

*Order affirmed, with costs.*