## RALPH CARDER, JR. *v.* WARDEN, MARYLAND PENITENTIARY

[No. 122, September Term, 1967.]

*Decided March 6, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Ralph Carder, Jr. seeks leave to appeal from an order of the

Circuit Court for Howard County dated November 6, 1967 denying his petition for revision of the court's earlier order of August 17, 1967, modifying its initial order of March 1, 1967, pursuant to which applicant had been granted a belated appeal under the provisions of the Uniform Post Conviction Procedure Act.

The applicant was convicted of murder in the Circuit Court for Howard County on February 28, 1964 and was thereafter sentenced to life imprisonment. He appealed from his judgment of conviction on March 26, 1964, but the appeal was dismissed by appellant's counsel on November 4, 1964. On August 17, 1966, applicant filed a petition under the Uniform Post Conviction Procedure Act seeking a belated appeal on the ground that his earlier appeal had been dismissed without his consent and knowledge. By its order dated March 1, 1967, the court granted a belated appeal, giving the reasons for its action in a memorandum opinion accompanying the order as follows:

> "This Court believes that it is probable that the Petitioner did not understand that the dismissal of an appeal was not the same thing as the affirmance of the judgment and sentence of the trial court after the appeal had been argued and considered. The record does not satisfactorily establish that he was definitely told of the action his attorney proposed to take and that he agreed to it. In view of the decision of the Court of Appeals in a somewhat analogous case, *State v. Shoemaker*, 225 Md. 639, and in view of the fact that a life sentence has been imposed on the Petitioner, justice requires that he be granted a delayed appeal. No criticism of the Petitioner's trial counsel is suggested. He appears to have served his client zealously and conscientiously throughout the trial and afterward. It is probable that a misunderstanding occurred but, considering the possible stakes involved and the fact that there is power to rectify the matter, this Court reaches the conclusion stated."

The State did not seek leave to appeal from the court's order granting the belated appeal within the thirty-day period pro-

vided in Article 27, Section 645-I of the Maryland Code (1967 Repl. Vol.). After applicant's appeal was docketed in the Court of Special Appeals, he filed a motion on May 20, 1967 with this court to have the case remanded to the Circuit Court for Howard County so that proceedings could be initiated to vacate the conviction under *Schowgurow v. State,* 240 Md. 121. While this motion was pending for decision, the State, on June 28, 1967, filed a "Petition for Modification" of the order of the Circuit Court for Howard County which had granted applicant the delayed appeal. In its petition the State alleged that the court "did not apparently consider what, if any, effect the *Schowgurow* decision would have upon the Court's Order granting relief." The State's petition requesting reconsideration "of the scope of the order granting a delayed appeal" was apparently bottomed upon Maryland Rule 764 b, applicable in criminal cases, which vests certain "revisory power and control over the judgment or other judicial act forming a part of the proceedings."

The court considered the State's petition for modification and on July 13, 1967 filed its memorandum opinion stating, in effect, that in granting the applicant a belated appeal, it had not considered the impact of the *Schowgurow* decision, but that "it was not contemplated by this court that the relief granted extended further than permitting an appellate review of the criminal case." The court noted that *Schowgurow* was decided on October 11, 1965, and that, as of that time, applicant's conviction was final. The court, therefore, entered an order on August 17, 1967, amending its order of March 1, 1967 to "preclude the said Ralph Carder from having his judgment and sentence remanded for further proceedings to challenge his original indictment on the basis of the *Schowgurow* decision."

Applicant did not file an application for leave to appeal from the amended order within the thirty-day period, but instead filed a petition on September 14, 1967 seeking revision of the court's order of August 17, 1967, stating therein that the court was without jurisdiction to amend its order, and that the judgment of conviction was not final under the *Schowgurow* decision. On November 6, 1967, the court denied applicant's petition for revision. From the denial of that petition, applicant

filed his application for leave to appeal on November 29, 1967.

The State takes the position that the application for leave to appeal was not timely filed, since it was filed more than thirty days after the court's amended order of July 13, 1967. The applicant, on the other hand, takes the position that his application for leave to appeal was filed within thirty days from the court's order of November 6, 1967, denying his petition for revision of the court's amended order of July 13, 1967, and is thus timely filed.

We think it clear that the Circuit Court for Howard County had authority to amend its order of March 1, 1967 under that part of Maryland Rule 625, applicable to judgments entered in post conviction cases (see *State v. Giles,* 239 Md. 458, at pages 467-468) which vests revisory power and control in the court over its judgments, *inter alia,* for "mistake or irregularity." On the record before us, we conclude that the court's action in amending its initial order was taken under this Rule, and that applicant, being "aggrieved" by the amended order, should have filed his application for leave to appeal therefrom within the statutory thirty-day period.

We are moreover of the opinion that under the circumstances of this case, the post conviction judge acted within his authority in limiting the scope of the relief granted applicant to appellate review of his criminal conviction, so as to preclude him from having his judgment of conviction summarily vacated under *Schowgurow.* Maryland Rule BK 45 provides that the post conviction judge, after the hearing on the petition, "shall make such order on the petition as justice may require" and that in the event that the order shall be in favor of the petitioner, "the court may also provide for rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper." We think the post conviction judge could properly conclude—for purposes of applying the *Schowgurow* rule of retroactivity in applicant's case—that his judgment of conviction was not other than "final" within the meaning of *Schowgurow* on October 11, 1965, the date of that decision; and that the *Schowgurow* court, in excepting "convictions which have not become final before rendition of this [*Schowgurow*] opinion" from the otherwise purely prospec-

tive operation of the legal principles enunciated in their decision, did not contemplate the automatic inclusion within such exception of a case in which a judgment of conviction had become final long prior to *Schowgurow* but where, in subsequent post conviction proceedings, a belated appeal was granted. Compare *Brady v. Warden,* 2 Md. App. 146. So viewed, we think that the amended order of July 13, 1967 was properly entered under Maryland Rule 625, that its substance was not other than in conformity with Maryland Rule BK 45, and that nothing in the *Schowgurow* decision itself prohibited the post conviction judge from limiting the scope of his relief to a belated appeal, excluding from such relief the right to vacate the judgment of conviction under *Schowgurow,* and demand a new indictment.[1] In so concluding, we note that the applicant, at his original trial, did not raise any question concerning the composition of either the grand or petit juries.

*Application denied.*

---

1. In view of our holding herein, we have denied applicant's motion of May 20, 1967 requesting that we remand his direct appeal to the Circuit Court for Howard County so that proceedings could be there initiated to vacate the conviction under the authority of the *Schowgurow* case.