691 A.2d 229

**Robert Donnell JONES**

v.

**STATE of Maryland.**

**No. 585, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

March 26, 1997.

472

William H. Murphy, Jr., Baltimore, for Appellant.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, and Patricia Jessamy, States Attorney for Baltimore City, on the brief), Baltimore, for Appellee.

Argued before FISCHER* and HOLLANDER, JJ., and JAMES S. GETTY, Judge (retired), Specially Assigned.

JAMES S. GETTY, Judge (retired), Specially Assigned.

This coram nobis case presents issues relating to whether a circuit court judge may authorize a belated appeal from the denial of a petition for a writ of error coram nobis, and whether the chancellor erred in denying the petition for coram nobis relief.

The underlying facts and statutory background are as follows: In 1975, before Judge Basil A. Thomas in the Circuit Court for Baltimore City, Robert Donnell Jones, appellant herein, entered a plea of guilty to the crime of assault with intent to murder. On July 31, 1975, he was sentenced to five years imprisonment.

On October 15, 1992, appellant filed a petition for writ of error coram nobis, seeking to have the 1975 conviction vacated. The basis for the petition was appellant's allegation that his guilty plea in 1975 was involuntary because he was under the influence of heroin at the time he entered his plea.[1]

Appellant's petition for writ of error coram nobis to set aside the 1975 conviction was filed on October 15, 1992, and denied by the circuit court without a hearing on October 19,

---

* Fischer, J., now retired, participated in the hearing and decision of this case while an active member of the Court; after being recalled pursuant to the Constitution of Maryland, Article IV, Section 3A and 18(b), he also participated in the adoption of this opinion.

1. Appellant's present incarceration is based, in part, on the 1975 conviction. We assume that the earlier conviction served as a predicate offense for the term he is presently serving.

1992.[2]  Thereafter, appellant filed a second coram nobis petition on October 21, 1993, which was heard by the court and denied by Judge Joseph P. McCurdy in a written opinion dated March 3, 1994.

Although appellant alleges that he instructed his counsel to appeal Judge McCurdy's order of March 3, 1994, no notice of appeal was recorded by the court clerk.  The State, however, received a copy of a notice of appeal.  Nearly two years later, Judge McCurdy, on January 16, 1996, granted a belated appeal, citing the failure of appellant's counsel to file the appeal, or the failure of the clerk of court to record the appeal. The receipt of a copy of the appeal by the State was cited by the court as evidence that appellant was deprived of his right of appeal through no fault of his own.

We shall address first whether a circuit court judge may authorize a belated appeal from the denial of a petition for writ of error coram nobis.

Before launching a discussion of the granting of a belated appeal, a brief reference to the nature of the writ is meaningful in that coram nobis has limited use as a present day postconviction remedy.  There are no statutes or rules of court governing its use.  The demise of coram nobis is primarily attributable to the adoption of the Post Conviction Procedure Act in 1958, ch. 44 of the Acts of 1958, Md.Code Art. 27, § 645A, *et seq.*

The purpose of the Post Conviction Procedure Act was to create a simple statutory procedure in place of the common law habeas corpus and coram nobis remedies for collateral attacks upon criminal convictions and sentences.  Coram nobis may be pursued only where no other statutory proceeding is available.  Thus, the vast majority of collateral attacks upon convictions are filed under the Post Conviction Procedure Act

---

2. The basis of the denial, prior to the State's response to the petition, was that appellant waived his right to file a *coram nobis* petition by failing to seek post conviction relief prior to the expiration of his sentence.

whereby, in a first petition, a convicted defendant is entitled to a hearing on the merits, the assignment of counsel, and a right of appeal.

■ Coram nobis is defined in *Bernard v. State*, 193 Md. 1, 3–4, 65 A.2d 297 (1949), as follows:

The purpose of the writ of *error coram nobis*, which is an old common-law writ recognized in this State, is to bring before the court a judgment previously rendered by it for the purpose of modification on account of some error of fact which affected the validity and regularity of the proceedings, and which was not brought into issue at the trial of the case. . . . The writ will lie to set aside a judgment . . . where a plea of guilty was procured by force, violence, or intimidation, or where at the time of the trial the defendant was insane, when such facts were not known to the trial court when the judgment was entered, . . . .

The function of a coram nobis writ is different from that of an ordinary writ of error in two respects. First, it deals only with facts which, if known at the time the judgment was rendered, would have precluded its rendition; whereas, an ordinary writ of error deals with questions of law. Second, coram nobis is addressed to the court which rendered the judgment, while a writ of error is addressed to a superior court. *See Keane v. State*, 164 Md. 685, 691, 166 A. 410 (1933).

■ Appellant contends that Judge McCurdy had the power to grant a belated appeal in this case because the relevant part of the Post Conviction Statute, art. 27, § 645A(e), does not bar the use of the writ as is alleged by the State. The statute provides, in part:

No appeals to the Court of Appeals or the Court of Special Appeals in habeas corpus or coram nobis cases, or from other common-law statutory remedies which have heretofore been available for challenging the validity of incarceration under sentence of death or imprisonment shall be permitted or entertained, except appeals in such cases pending in the Court of Appeals on June 1, 1958, shall be processed in due course.

According to appellant, the Post Conviction Procedure Act, by its express terms, does not provide a remedy for persons who have been convicted of crimes and whose sentences have expired, and who are no longer on parole or on probation. Since appellant is no longer in any of those categories, he contends that he is challenging his underlying conviction, not his sentence. For that purpose, he argues, the writ of coram nobis is alive and well.

The State, conversely, urges that the purpose of the legislature in enacting Art. 27, § 645A(e), was to consolidate into one statutory procedure all of the remedies previously available for collaterally attacking the validity of a criminal conviction or sentence. The statute, the State asserts, unequivocally says that no appeals are permitted in coram nobis cases.

■ Appellant relies on language in *Fairbanks v. State*, 331 Md. 482, 629 A.2d 63 (1993), as being supportive of his right to proceed under coram nobis. That opinion, authored by Judge McAuliffe, involved sentencing under a recidivist statute. The defendant contended that his enhanced sentence was predicated upon an offense not shown to be free of constitutional infirmity, because there was no showing that he intelligently waived his right to a jury trial, although he was represented by counsel at that time. The Court held that there is no constitutional right to mount a collateral attack against a facially valid predicate conviction at the sentencing hearing where it is offered. Convictions obtained while an accused is represented by counsel, furthermore, are presumptively valid and the burden is on the accused to prove otherwise. *Id.* at 490, 629 A.2d 63.

In footnote 3, the Court noted that a defendant may or may not be able to bring a collateral attack. Citing *McMannis v. State*, 311 Md. 534, 539–47, 536 A.2d 652 (1988), the Court pointed out that post conviction and habeas corpus remedies are available only when a defendant is incarcerated, or subject to conditions of parole or probation. The Court added: "The writ of error *coram nobis*, addressed to the court that entered judgment, may be available to the defendant who is no longer

in custody. Moreover, a defendant able to mount a collateral challenge may be barred by waiver, . . . or might be barred by laches, . . . ." 331 Md. at 492 n. 3, 629 A.2d 63 (citations omitted).

In *Gluckstern v. Sutton,* 319 Md. 634, 662, 574 A.2d 898, *cert. denied,* 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990), a habeas corpus case involving whether an appeal is available to a petitioner, the Court (Eldridge, J.) described the Post Conviction Procedure Act as follows:

[T]he Act was designed to create a statutory remedy for collateral challenges to criminal judgments on Art. 31B examination and defective delinquency proceedings, and to substitute this remedy for habeas corpus and coram nobis actions challenging criminal judgments and Art. 31B proceedings.

The General Assembly in 1965 added new language to the portion of the Post Conviction Procedure Act relating to appeals in habeas corpus cases. Art. 27, § 645A(e), as amended by Ch. 442 of the Acts of 1965 now reads:

No appeals to the Court of Appeals or the Court of Special Appeals in habeas corpus or coram nobis cases, or from other common-law or statutory remedies which have heretofore been available for challenging the validity of incarceration under sentence of death or imprisonment shall be permitted or entertained, except appeals in such cases pending in the Court of Appeals on June 1, 1958, shall be processed in due course. Provided, however, that nothing in this subtitle shall operate to bar an appeal to the Court of Special Appeals (1) in a habeas corpus proceeding instituted under § 2–210 of Article 41 of this Code or (2) in any other proceeding in which a writ of habeas corpus is sought for any purpose other than to challenge the legality of a conviction of a crime or sentence of death or imprisonment therefor, including confinement as a result of a proceeding under Article 31B of this Code.

The 1965 addition to the statute clearly modified the earlier language, which seemingly precluded appeals, at least in habe-

as corpus cases filed after June 1, 1958. The Court in *Gluckstern* held that the 1965 language authorized appeals in cases other than those challenging the legality of a conviction of a crime or sentence of death or imprisonment therefor. The discussion of intent of the General Assembly in habeas corpus cases, however, does not resolve the issue of viability or survival of coram nobis.

The General Assembly could not bar habeas corpus petitions, which are provided for in Article 4, Section 6 of the Maryland Constitution. The right of appeal in habeas corpus proceedings can and has been limited without offending the Constitution. The common law writ of error coram nobis does not share the constitutional protection accorded habeas corpus. The question remains whether the right of appeal in coram nobis actions survived the adoption of Art. 27, § 645A(e), as amended in 1965. We hold that it does.

As we have stated herein, the Post Conviction Procedure Act was intended to replace habeas corpus and coram nobis as a statutory remedy for collateral challenges to criminal judgments. For the majority of cases it has succeeded. In those cases where the Post Conviction Act does not provide a remedy, however, the enactment of the new statute provided no reason for restricting appeals in habeas corpus cases. *Gluckstern*, 319 Md. at 662, 574 A.2d 898. The same reasoning should be applied to coram nobis. The writ of error coram nobis remains available, therefore, as a remedy to mount a collateral attack upon a prior conviction or sentence. We see no justifiable reason for denying a right of appeal in a coram nobis petition when the right of appeal is available to those seeking redress under habeas corpus. The right of further review ought not depend upon the name of the vehicle bringing one to the tribunal. The paucity of coram nobis petitions, moreover, will not unduly burden the appellate courts.

We perceive no error in the chancellor granting a belated appeal from his Order denying appellant coram nobis relief. *See Dowd v. United States ex rel. Cook,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951), where the Supreme Court said that a

judge "has power in a habeas corpus proceeding to dispose of the matter as law and justice require." *Accord: Beard v. Warden,* 211 Md. 658, 661, 128 A.2d 426 (1957), stating that a circuit court in a habeas corpus proceeding could order that a prisoner be granted a belated appeal from his original criminal conviction.

## Denial of Relief

A facially valid conviction is entitled to a strong presumption of regularity and, accordingly, the burden of proving otherwise is on the defendant attacking the conviction. *Fairbanks, supra,* at 487, 629 A.2d 63. Appellant has not provided the transcripts of the proceeding in 1975. Md. Rule 8–411, 8–413, 8–501(a). We conclude, in absence of any evidence to the contrary, that the record from the 1975 trial would establish that the court conducted a hearing to establish that the guilty plea was intelligently and voluntarily entered.

In *Keane v. State,* 164 Md. 685, 166 A. 410 (1933), the Court ruled that the writ of coram nobis will not lie to contradict or place in issue any fact that has been already adjudicated even if wrongly decided. Clearly, the ability of appellant to understand and voluntarily enter a guilty plea was a fact issue that was decided by the court in 1975. *Accord: Bernard, supra.*

Judge McCurdy filed a Memorandum and Order denying the relief sought by appellant. He reviewed the testimony of appellant's witnesses and concluded that none of the witnesses except appellant could testify that appellant was under the influence of heroin, or that his ability "to understand and take the guilty plea was compromised." Additionally, the court reviewed the presentence investigation report, which included some evidence of appellant's drug use at the time of trial. The court found that the report "reflects an intelligent discourse between the investigator and the petitioner." The trial judge had the opportunity to judge the credibility of the witnesses and to assess the probative value of their testimony. He concluded that appellant had the burden of establishing that his guilty plea in 1975 was not knowingly and voluntarily entered, and that appellant failed to establish that fact by a

fair preponderance of the evidence. Based upon our review of the record, we cannot say that the conclusions reached by the chancellor are clearly erroneous, if they are erroneous at all.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.