708 A.2d 1080

Carl Walter RUBY

v.

STATE of Maryland.

No. 761, Sept. Term, 1997.

Court of Special Appeals of Maryland.

April 30, 1998.

170

Daniel H. Weiss, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Lawrence V. Kelly, State's Atty. for Allegany County, Cumberland, on the brief), for appellee.

Submitted before SALMON and KENNEY, JJ., and JAMES S. GETTY, Judge (retired), Specially Assigned.

KENNEY, Judge.

Appellant, Carl Walter Ruby, was convicted by a jury in the Circuit Court for Allegany County of driving with a suspended out-of-state license and knowingly giving false accident report information. He was convicted separately by the court of failure to yield the right of way. He was sentenced to consecutive terms of sixty days and one year in the Allegany County Detention Center, plus a fine of fifty dollars and two years unsupervised probation following his release from custody. Appellant's convictions were affirmed by this Court in an unreported *per curiam* opinion, *Ruby v. State*, 104 Md.App. 768 (1995).

After we affirmed his convictions, appellant filed a motion for new trial on the basis of newly discovered evidence. The motion was denied, and he again appealed. In a second unreported *per curiam* opinion, *Ruby v. State*, 110 Md.App. 752 (1996), we reversed on the ground that the trial court had not inquired adequately into appellant's waiver of counsel and remanded the case to the circuit court for a new hearing on appellant's motion.

The trial court heard appellant's motion for new trial on December 5, 1996, and denied the motion the following day. Appellant seeks to appeal from the denial of his motion for new trial, raising one question for our review:

Did the trial court abuse its discretion by denying the motion for new trial?

Before we can accede to appellant's request, the jurisdictional hurdle must be cleared. About the time that the motion for new trial was filed and argued, the Office of the Public Defender was in the process of transferring appellant's case from one attorney to another within the organization. Neither attorney reported receiving notice of the court's ruling on appellant's motion. Approximately ten weeks after the motion was filed, the public defender to whom appellant's case was transferred examined the court file at the clerk's office to monitor the status of the motion. Only then was it discovered that the time for filing a notice of appeal from the order had expired. In an effort to rectify the situation, appellant filed motions for reconsideration, for belated appeal, and for reconsideration of the denial of his motion for belated appeal, all of which were denied. Thereafter, appellant requested and the court granted to appellant a writ of error *coram nobis* for the sole and express purpose of permitting him to proceed with a "belated appeal" from the denial of his motion for new trial. The writ stated that appellant was entitled to the belated appeal because the judgment in his case "could not have become final without the Defendant's opportunity to appeal."

The State, however, asks that we dismiss the appeal because, under the circumstances of this case, *coram nobis* relief is not available to extend the time for filing an appeal with this Court. Therefore, the appeal was not timely filed, depriving this Court of jurisdiction. For the reasons explained below, we will grant the State's motion to dismiss the appeal.

## FACTS

The facts upon which appellant was convicted are these: An automobile accident occurred in Cumberland on November 24, 1993. According to prosecution witness, Mary O'Neal, her car was hit by one occupied by appellant and his mother. O'Neal testified that appellant was the driver of the car. She stated that, after the accident, appellant got out of the car from the driver's side and his mother got out from the passenger's side. O'Neal testified that she expressed her desire to call the police, but appellant's mother "just said we didn't need to call

anybody, that they had good insurance." When the prosecutor asked if there was anything else discussed "about why they didn't want you to call the police," O'Neal answered, "his license was suspended."

The police arrived at the scene while appellant, his mother, and O'Neal were still talking about the accident. O'Neal told Trooper Robert Winninger that appellant had been driving the car and that "they had asked her not to tell [him] that." Appellant told the trooper that his mother had been the driver. At trial, both appellant and his mother testified that she had been driving the car when the accident occurred.

At the December 5, 1996 hearing on his motion for new trial based on newly discovered evidence, appellant introduced a report of the Nationwide Insurance Company that named his mother as the driver of the car. The trial court ruled that this report was not newly discovered evidence for the following reasons:

> First, Nationwide was Defendant's mother's insurer and, at the time of the incident, Defendant was a member of his mother's household. The report was easily available to him almost from the day of the accident. Second, the information contained in the Nationwide report was obtained from the Maryland State Police accident report which, in turn, was completed based upon information provided by Defendant.

## MOTION TO DISMISS THE APPEAL

 With very limited exceptions, "Md. Rule 8–202(a) requires that, to perfect an appeal to this Court, a notice of appeal must be filed within 30 days after the entry of the judgment or order from which the appeal is taken." *Maxwell v. Ingerman,* 107 Md.App. 677, 678, 670 A.2d 959, *cert. denied,* 344 Md. 117, 685 A.2d 451 (1996). "That requirement has been held to be jurisdictional in nature: 'if the requirement is not met, the appellate court acquires no jurisdiction and the appeal must be dismissed.' *Id.* (quoting *Houghton v. County Comm'rs of Kent Co.,* 305 Md. 407, 413, 504 A.2d 1145 (1986)).

The rule reserves an exception in cases where an extension of the time for filing is "otherwise provided ... by law." Md. Rule 8–202(a) (1998). The power of a court to extend the time for filing notice of appeal is not a matter of discretion; however, it must be conferred by statute, rule, or constitutional provision. *Bushey v. State Roads Commission,* 231 Md. 154, 157, 189 A.2d 98 (1963). There is no reservation in the Maryland Rules, or elsewhere, authorizing a trial court to extend the time within which notice of an appeal to the Court of Special Appeals shall be filed. *Blackstone v. State,* 6 Md.App. 404, 406, 251 A.2d 255 (1969); *Cornwell v. State,* 1 Md.App. 576, 577–578, 232 A.2d 281 (1967).

■ Although appellant failed to note an appeal within the time limits prescribed by Maryland Rule 8–202, the trial court permitted him to file a notice of appeal on the basis of error *coram nobis.* This extraordinary grant of relief was based on the stipulation of the parties that appellant "did not receive notice of the Court's December 6, 1996 denial of his Motion for New Trial." [1] The State argues that the trial court could not grant appellant *coram nobis* relief because error *coram nobis* only provides relief when facts unknown at the time the judgment was entered would have prevented its entry. Appellant suggests that *coram nobis* is less restrictive and provides a broad post-conviction remedy in the absence of other statutory relief.

■ The purpose of the writ of error *coram nobis,* as stated in *Keane v. State,* 164 Md. 685, 166 A. 410 (1933), is not to permit a review of the evidence given in connection with the

---

1. The record reflects that the writ was granted "with the agreement and stipulation of the ... State" and was signed by the state's attorney. While we may be puzzled by the State's present, and facially inconsistent, position on the issue, we are mindful that the scope of appellate jurisdiction is determined by constitutional provisions, statutory provisions, and rules, and cannot be conferred by the consent of the parties or upon our own initiative. *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976); *Jenkins v. Jenkins,* 112 Md.App. 390, 685 A.2d 817, *cert. denied,* 344 Md. 718, 690 A.2d 524 (1997). Consequently, we must consider the jurisdictional question posed in the State's motion.

issues actually tried, but to determine "whether facts existed which were unknown to the court at the trial, and were not in issue under the pleadings, but which, if known, would have prevented the judgment." *Good v. State,* 240 Md. 1, 16, 212 A.2d 487 (1965); *See also Madison v. State,* 205 Md. 425, 109 A.2d 96 (1954); *Bernard v. State,* 193 Md. 1, 65 A.2d 297 (1949). As explained in *Bernard:*

> The purpose of the writ of error *coram nobis,* which is an old common-law writ recognized in this State, is to bring before the court a judgment previously rendered by it for the purpose of modification on account of some error of fact which affected the validity and regularity of the proceedings, and which was not brought into issue at the trial of the case. . . .

*Jones v. State,* 114 Md.App. 471, 475, 691 A.2d 229, *cert. denied,* 346 Md. 27, 694 A.2d 950, *cert. denied,* —— U.S. ——, 118 S.Ct. 304, 139 L.Ed.2d 234 (1997) (quoting *Bernard,* 193 Md. at 3–4, 65 A.2d 297).

> ▮▮▮ *Coram nobis* relief has been deemed appropriate to set aside a judgment obtained by fraud, coercion, or duress, or where a plea of guilty was procured by force, violence, or intimidation, or where at the time of the trial the defendant was insane, when such facts were not known to the trial court when the judgment was entered, or where the accused was prevented by fraud, force, or fear from presenting defensive facts which could have been used at his trial, when such facts were not known to the court when the judgment was entered. The writ will not lie to correct an issue of fact which has been adjudicated even though wrongly determined; nor for alleged false testimony at the trial; nor for newly discovered evidence. The writ will not lie where the accused has another adequate remedy at law, as by motion for a new trial, an appeal to a higher court, or other existing statutory proceeding.

*Bernard v. State,* 193 Md. 1, 4, 65 A.2d 297 (1949) (citing *Hawks v. State,* 162 Md. 30, 157 A. 900; *Keane v. State,* 164 Md. 685, 166 A. 410).

The State argues that appellant was not entitled to *coram nobis* relief because the only fact affecting the validity and regularity of the proceedings at issue in this case was that appellant did not receive the notice of the denial of his new trial motion. That omission is a fact that did not exist, and thus, could not have been known at the time the motion for new trial was denied. Therefore, it could not have affected either his original conviction or the entry of the immediate judgment from which appellant seeks relief. Consequently, the issuance by the trial court of the writ of error *coram nobis* was not an appropriate remedy for any prejudice appellant may have suffered as a result of any notice error affecting his appeal.

In his opposition to the State's motion to dismiss, appellant argues that the trial court was permitted to grant a writ of error *coram nobis* because Maryland's Post Conviction Procedure Act only provides a remedy for a convicted person who, unlike appellant, is still "either incarcerated under sentence of death or imprisonment or on parole or probation...." Md. Code (1957, 1996 Repl.Vol., 1997 Supp.), Art. 27, § 645A(a)(1). Appellant cites *Jones* for the proposition that *coram nobis* relief is reserved as a means of recourse for persons in his unique position, quoting the following passage for support:

> The purpose of the Post Conviction Procedure Act was to create a simple statutory procedure of the common law *habeas corpus* and *coram nobis* remedies for collateral attacks upon criminal convictions and sentences. *Coram nobis* may be pursued only where no other statutory proceeding is available.

*Jones,* 114 Md.App. at 474, 691 A.2d 229.

Appellant also relies on *McMannis v. State,* 311 Md. 534, 547 n. 4, 536 A.2d 652 (1988), in which the Court of Appeals stated that *coram nobis* relief "where available, does not require custody in any form as a prerequisite to jurisdiction."

We fail to see how the quoted language from *Jones* and *McMannis* expands the purposes of the writ of error *coram*

*nobis* beyond its common law applications. As the Court of Appeals has stated:

> By the decided weight of authority * * * the remedy is not broad enough to reach every case in which there has been an erroneous or unjust judgment on the sole ground that no other remedy exists, but it must be confined to cases in which the supposed error inheres in facts not actually in issue under the pleadings at the trial, and unknown to the court when the judgment was entered, but which, if known, would have prevented the judgment.

*Jackson v. State,* 218 Md. 25, 27–28, 145 A.2d 234 (1958)(quoting *Keane,* 164 Md. at 692, 166 A. 410)); *See also Johns v. State,* 216 Md. 218, 140 A.2d 56 (1958); *Johnson v. State,* 215 Md. 333, 138 A.2d 372 (1958); *Madison, supra; Bernard, supra; Hawks v. State,* 162 Md. 30, 157 A. 900 (1932).

■ The trial court's grant of a writ of error *coram nobis* was inappropriate because the error appellant relies upon to validate the issuance of the writ does not relate to any fact not known at either the hearing on his motion for new trial or at appellant's original trial that would have affected the entry of judgment. The indirect and ultimate purpose of appellant's efforts is to place "newly discovered evidence" before the court and to correct an adjudicated issue of "fact" that appellant believes has been wrongly decided. A writ of error *coram nobis* does not lie for such purposes. Hence, we are without jurisdiction to entertain any arguments appellant might have raised by the grace of that writ.

The statutory provision under which appellant ordinarily might have prayed relief in the form of a belated appeal is Maryland's Post–Conviction Procedure Act. We do not suggest nor do we need to decide whether appellant could find recourse there.[2] Furthermore, although a review of case law reveals that Maryland courts infrequently have granted belat-

---

2. As stated above, the post-conviction relief afforded by statute in Maryland is limited in application to those convicted persons who petition for relief while still under sentence or on parole or probation. Art. 27, § 645A(a). Appellant does not fit this description as he has been released from incarceration and his sentence of probation was

ed appeals on fairness principles under certain conditions, we perceive that the circumstances of the instant case are factually and legally distinguishable from those in which an extension of the time for filing was deemed appropriate. With few exceptions of which we are aware, prayers for belated appeals have been presented and granted only in the context of viable post-conviction and earlier *habeas corpus* cases. *See, e.g., Wilson v. State,* 284 Md. 664, 399 A.2d 256 (1979) (postconviction); *Fisher v. Warden,* 230 Md. 612, 185 A.2d 198 (1962) (post-conviction); *State v. Shoemaker,* 225 Md. 639, 171 A.2d 468 (1961) (post-conviction); *Lloyd v. Warden,* 217 Md. 667, 143 A.2d 483 (1958) (*habeas corpus* ); *Hardy v. Warden,* 218 Md. 659, 662, 146 A.2d 42 (1958) (*habeas corpus* ); *Beard v. Warden,* 211 Md. 658, 661, 128 A.2d 426 (1957) (*habeas corpus* ); *Carder v. Warden,* 3 Md.App. 309, 239 A.2d 143, *cert. denied,* 393 U.S. 943, 89 S.Ct. 312, 21 L.Ed.2d 280 (1968) (post-conviction); *Schaedler v. Warden,* 1 Md.App. 25, 226 A.2d 684 (1967) (post-conviction).[3]

A notable exception, and the case upon which appellant relies most heavily, is *Jones v. State, supra.* Although the

---

vacated by this Court in a prior unreported opinion. Some authority suggests that post-conviction relief also may be available to a convicted person who has served his or her sentence, but still suffers "collateral consequences" as a result of the conviction, such as deprivation of voting privileges, inability to obtain government contracts or licenses, or the imposition of an enhanced sentence following a subsequent conviction. *McMannis v. State,* 311 Md. at 539, 536 A.2d 652 (citing *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968)).

**3.** In *Coates v. State,* 180 Md. 502, 25 A.2d 676, *cert. denied, Coates v. Brady,* 317 U.S. 625, 63 S.Ct. 33, 87 L.Ed. 506 (1942), the Court of Appeals declined to enforce the deadline for filing appeals in a pre-post-conviction, but non-*habeas corpus* context. We would distinguish the facts in *Coates* from the instant case. The *pro se* appellant in *Coates* was aware of the entry of judgment and mailed a letter requesting an appeal within the time limits imposed by rule. Due to postal delay and interference by state actors, his appeal was not received by the court clerk before the time for filing had expired. The Court of Appeals deemed that principles of fairness required that the attempted appeal be treated as if timely filed. *Compare Bernard v. Warden,* 187 Md. 273, 49 A.2d 737 (1946).

central issue in *Jones* was whether an appeal could lie from the denial of a writ of error *coram nobis,* this Court's jurisdiction was not based on a writ of error *coram nobis,* but based on the allegation that the appellant's guilty plea was involuntary because he was under the influence of heroin at the time the plea was entered. The trial court granted a belated appeal approximately two years after the denial of the requested writ so that this Court could review the denial of *coram nobis* relief. The belated appeal was granted because the appellant's attempt to comply with the correct procedure had been thwarted, either by counsel's failure to note an appeal with the court or by the court clerk's failure to record the notice of appeal.[4] *Jones* does not transform a writ of error *coram nobis* into a form of mouth-to-mouth resuscitation, breathing jurisdictional life into a belated appeal absent traditional *coram nobis* requirements.

*Jones* presented a valid factual backdrop for traditional *coram nobis* relief. There, the appellant argued that the judgment in his case would have been prevented had the court been aware that he was under the intoxicating influence of heroin at the time he entered his plea. *Jones,* 114 Md.App. at 473, 691 A.2d 229. If Jones's claim were deemed to be true, the doctrine of *coram nobis* theoretically could afford him relief because the "fact" not available or known to the court entering judgment was Jones's heroin intoxication, an unadjudicated issue that would affect the convictions. In the instant case, however, the claimed defect in the proceedings below would not justify the grant of a writ of error *coram nobis* because, by definition, the defect must involve a fact that, if

---

4. The State in *Jones* acknowledged receipt of a copy of the notice of appeal, which suggested an attempt to appeal. This Court upheld the grant of a belated appeal citing two cases decided prior to the adoption of Maryland's current statutory post-conviction procedures. *Dowd v. United States ex rel. Cook,* 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951); *Beard, supra.* In each case, there was an apparent attempt at a timely appeal that was hindered by government involvement; in *Beard,* the appeal was delayed by censorship procedures at the Maryland Penitentiary, and in *Dowd,* the appeal was delayed by an official of the Indiana state penitentiary, acting pursuant to prison rules.

known at the time of entry of judgment, would have prevented the entry of judgment.

This Court has held that "a lawyer is charged with the responsibility of knowing what is entered upon the dockets, from time to time, in the case in which he [or she] is counsel." *Maryland Metals v. Harbaugh,* 33 Md.App. 570, 575, 365 A.2d 600 (1976); *see also Kramer v. McCormick,* 59 Md.App. 193, 204, 474 A.2d 1346, *cert. denied,* 301 Md. 42, 481 A.2d 802 (1984). It is a lawyer's duty "to follow the dockets" so as to keep abreast of developments in his or her case, and "counsel will not be heard to exclaim that he [or she] was unaware of an entry." *Harbaugh,* 33 Md.App. at 576, 365 A.2d 600. Absent applicable authority, be it statute, rule, or otherwise, a trial court cannot confer appellate jurisdiction via a belated appeal to compensate for clerical or lawyer error. Certainly, our dismissal of this appeal is without prejudice to the pursuit of any other remedies that may be available to appellant at law or in equity.

If it be of any solace to appellant, we observe that, had we jurisdiction to hear his appeal, we would affirm the trial court's denial of his new trial motion. The ruling on a motion for a new trial lies within the sound discretion of the trial court, and its decision upon such a motion will not be disturbed on appeal except for the most extraordinary and compelling reasons. *Couser v. State,* 36 Md.App. 485, 495, 374 A.2d 399 (1977), *aff'd.,* 282 Md. 125, 383 A.2d 389, *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978).

Appellant asserts that the trial court abused its discretion because the reasons for denying the motion were not supported by the record. Specifically, appellant argues that there was no evidence before the trial court other than the fact that the document had been obtained from the insurance company and that the court's decision was based on speculation alone.

We would disagree. The insurance company form in question identifies the policyholder as appellant's mother, Marie Ruby. At trial, appellant and his mother both gave the

same address. At the hearing on the motion for new trial, defense counsel stated that the Nationwide report "was based upon the State of Maryland Motor Vehicle Accident Report." These facts certainly give rise to the inference that the report was available to appellant at the time of his trial, and thus, did not constitute newly discovered evidence warranting a new trial on the merits. The denial of appellant's motion for new trial was not an abuse of discretion.

**APPEAL DISMISSED;**

**COSTS TO BE PAID BY APPELLANT.**