JOHNS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 6, October Term, 1956 (Adv.).]

*Decided July 12, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

In this application for leave to appeal from the denial of the writ of *habeas corpus* by Judge Emory H. Niles of the Supreme Bench of Baltimore, petitioner filed with his petition for the writ a motion to strike out the judgment and sen-

tence and an application for a writ of error *coram nobis*. The petitioner refers to the paper seeking the three modes of relief as a "petition for a tri-writ".

The petitioner was convicted of murder and sentenced to life imprisonment by a three judge court in 1937. The essential facts of his case have been set forth in two previous opinions denying his applications for leave to appeal to this Court. See *Johns v. Warden*, 205 Md. 644, and *Johns v. Warden*, 207 Md. 624.

When the "tri-writ" was received by Judge Carter, sitting in the Criminal Court of Baltimore, he retained jurisdiction of the motion to strike the judgment and sentence and the application for the writ of error *coram nobis,* and sent the application for the writ of *habeas corpus* to Judge Niles, sitting in one of the Civil Courts. On April 4, 1956, after careful consideration of petitioner's sixty-one page petition, Judge Carter denied the motion to strike out the judgment and sentence and denied the application for the writ of error *coram nobis*. Although the petitioner could have appealed from the refusal to strike the judgment, *Madison v. State*, 205 Md. 425, and from the denial of the writ of error *coram nobis, Bernard v. State*, 193 Md. 1, the record shows that no appeal was taken as to either, and the correctness of the Court's action in denying them is not before us. Neither in the application for the issuance of the writ of *habeas corpus,* which was denied by Judge Niles, nor in his application for leave to appeal, does the petitioner disclose facts or circumstances, allege errors, or raise points other than those he has relied on in his two previous applications to appeal, which we have twice found insufficient to afford him the relief he seeks. The application for leave to appeal must be denied.

*Application denied, with costs.*