**UNITED STATES of America**
**v.**
**Scotty Shirley HANKS (two cases).**
**Nos. KC–CR–934, KC–CR–1001.**

United States District Court,
D. Kansas.

April 4, 1972.

Scotty Shirley Hanks, pro se.
No appearance for the Government.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Senior District Judge (Assigned).

Honorable John N. Mitchell, then the Attorney General of the United States, contributed an article to the December 1971 issue of The Journal of the American Judicature Society. The subject was "Restoring the Finality of Justice," and his thesis was that the Federal Court System is being exploited by misuse and abuse of post-conviction procedures. These cases and their related cases could well serve as footnotes to that article.

Hanks was convicted by a jury in this court of the armed robbery of a post office (KC–CR–934). He was sentenced May 12, 1967 and the judgment of conviction was affirmed on direct appeal. Hanks v. United States, 388 F.2d 171 (10th Cir.), cert. denied, 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131, rehearing denied, 393 U.S. 947, 89 S.Ct. 304, 21 L. Ed.2d 287 (1968).

Before he was sentenced he failed once to appear, having been released on bail, and escaped once from jail. After sentence he escaped from the United States Penitentiary at Leavenworth. Being apprehended, he was indicted on one count of failure to appear (18 U.S.C.A. § 3150), and on two counts charging escape (18 U.S.C.A. § 751). He pleaded guilty to the three counts, and on March 29, 1968 was sentenced in Case No. KC–CR–1001.

On December 9, 1968, he was permitted to file in forma pauperis Case No. L–676, a motion to vacate the sentence imposed in KC–CR–934, the post office robbery case. The motion was denied and on appeal the judgment was affirmed. Hanks v. United States, 420 F. 2d 412 (10th Cir.), cert. denied, 398 U.S. 913, 90 S.Ct. 1712, 26 L.Ed.2d 75 (1970). In this motion he claimed ineffective assistance of counsel.

On May 25, 1970, Hanks lodged a motion (Case No. L–1207) to vacate the sentence imposed in KC–CR–1001, the escape case, attacking the indictment.

His motion was denied, and he did not appeal.

On June 22, 1970, in Case No. L–1302, he leveled a second attack on the sentence in KC–CR–934, this time alleging trial errors and claiming that he was under the influence of morphine at the time he waived indictment. This motion was treated as one to withdraw his guilty plea, a hearing was had, and on April 9, 1971 the motion was denied. Again he appealed and again the judgment was affirmed. (10th Cir., # 71–3105, September 22, 1971, unpublished).

On September 17, 1971, Hanks instituted Case No. L–1872, in which he claimed the discovery of new evidence, i. e., that a fellow prisoner had actually committed the post office robbery. At an evidentiary hearing the fellow prisoner testified that he had indeed committed the crime for which Hanks was sentenced. The government was forced to produce witnesses and records from Oregon to refute this evidence by showing that the witness was employed and working in Oregon and could not possibly have been in Kansas on the date of the robbery—all at considerable expense. Hanks's motion was denied. He appealed and the appeal is still pending.

Hanks has now filed in Case No. KC–CR–1001 a motion for writ of error coram nobis. He has followed this with another motion for writ of error coram nobis, this time filed in Case No. KC–CR–934. He files also a motion for an order forbidding his removal from the United States Penitentiary, Leavenworth, Kansas, during pendency of the proceedings.

Coram nobis is not an independent civil action and the motions lodged by Hanks in the criminal cases are properly steps in those cases. Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964). It is, nevertheless, a collateral attack upon a judgment, presumed to be correct, and the burden rests upon the assailant to show otherwise. United States v. Cariola, 323 F.2d 180 (3rd Cir. 1963). The extraordinary remedy should be allowed "only under circum-

stances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954).

In his motion in Case No. KC–CR–934, Hanks's claims consist largely of asserted trial errors and alleged improper conduct on the part of his then retained attorneys, the government's attorneys, and the court. Nothing in the record supports his contentions.

In his motion in Case No. KC–CR–1001, the case in which he pled guilty, Hanks attacks the accuracy of dates in the indictment, claims that the section under which he was charged was not properly alleged, and that his guilty plea was coerced by threats that his wife would be prosecuted. Except for the claimed coercion, the facts of which were known to him at the time, the issues presented by him are not justiciable in a coram nobis proceeding.

Countless hours have been spent by the judiciary and staff of this court, the Court of Appeals for this Circuit, and the Supreme Court of the United States in the consideration of Hanks's successive claims. The United States Attorney's office, the Marshal's office, the affected attorneys, among others, have been required to devote much time to their disposition. This is a busy court, with an ever increasing caseload, both civil and criminal, and the docket is congested, largely because of the time which must be devoted to the consideration and hearing of post-conviction cases. Law abiding citizens with colorable claims are unable to bring their cases promptly to adjudication because of the time required for the disposition of repetitious and groundless actions by prisoners. The language used by Mr. Justice Brennan in Sanders v. United States, 373 U.S. 1 at page 18, 83 S.Ct. 1068 at page 1078, 10 L.Ed.2d 148, indicates that the district courts still retain some discretion in deciding whether to entertain successive collateral proceedings "whose only purpose is to vex, harass, or delay." No reason appears why Hanks could not have raised in his earlier collateral proceedings the grounds he now asserts by way of coram nobis. I find that he has deliberately withheld those grounds, thus waiving his right to hearing, and I conclude that no such circumstances exist as would compel coram nobis action to achieve justice. United States v. Morgan, *supra,* 346 U.S. at 511, 74 S.Ct. 247, 98 L.Ed. 248.

Common questions of law and fact are involved in the two pending proceedings. There appears no reason why their pendency should require interference by this court with the Attorney General's statutory authority to transfer prisoners from institution to institution in his discretion. 18 U.S.C.A. § 4082.

It is ordered and adjudged: (1) That the coram nobis proceedings in Case Nos. KC–CR–934 and KC–CR–1001 be consolidated for all purposes; (2) that the defendant's motions for writ of error coram nobis in Case Nos. KC–CR–934 and KC–CR–1001 be denied; (3) that this memorandum and order be filed in each of the captioned cases; and (4) that the defendant's motion for an order prohibiting his transfer from the United States Penitentiary, Leavenworth, Kansas, be denied.

MEMORANDUM AND CERTIFICATE PURSUANT TO RULE 24(a), FEDERAL RULES OF APPELLATE PROCEDURE

Scotty Shirley Hanks, now confined in the United States Penitentiary, Leavenworth, Kansas, has filed a notice of appeal from the memorandum and order entered March 8, 1972, denying the motion for writ of error coram nobis filed by him in each of the captioned cases. He submits an unverified "affidavit" of poverty with the notation: "unable to get notarized." The truth of the last statement is doubtful. Each day a good many applications from inmates of the penitentiary at Leavenworth are received by this court, all sworn before a parole officer authorized to administer oaths under the provisions of 18 U.S.C.A. § 4004. Hanks himself,

in connection with the numerous proceedings instituted in this court by him, appears to have had no difficulty in securing the services of institutional officers for the verification of his pleadings. These proceedings being steps in a criminal case where Hanks qualifies under the second paragraph of Rule 24(a), Federal Rules of Appellate Procedure, no affidavit is required, and he may appeal without leave unless this court certifies that the appeal is not taken in good faith. The court so certifies.

Since entry of the memorandum and order of March 8 denying his motion for writs of error coram nobis, two events affecting Hanks have occurred. In Case No. T–CR–1710 in this court Hanks was, on March 17, 1972, convicted on a charge of subornation of perjury arising from his activities in Case No. L–1872 as related in the memorandum and order of March 8. On March 28, 1972, the order denying relief in Case No. L–1872 was affirmed (Hanks v. United States No. 72–1069, 10th Cir., unpublished). It may safely be predicted that he will appeal from the conviction in Case No. T–CR–1710 and will petition the Supreme Court for review of the affirmance by the Court of Appeals of the order denying relief in Case No. L–1872.

The history of Hanks's post-conviction proceedings is recited in the memorandum and order of March 8. These cases are the fifth and sixth initiated by him in this court. Four times, including his direct appeal from the original conviction, the Court of Appeals has considered his contentions. He has applied to the Supreme Court for relief on three occasions. The public treasury has supplied the funds for payment of attorneys appointed to represent him under the provisions of the Criminal Justice Act. The government has been put to great expense in defending against the groundless claims asserted by him. This appeal, like his earlier efforts, constitutes gross abuse of judicial process.

For the reasons here given and those set forth in the memorandum and order filed in these cases March 8, 1972, the court certifies, pursuant to Rule 24(a), Federal Rules of Appellate Procedure, that the appeal is not taken in good faith.