724 A.2d 673

**Carl Walter RUBY**

v.

**STATE of Maryland.**

**No. 84, Sept. Term, 1998.**

Court of Appeals of Maryland.

Feb. 22, 1999.

Daniel H. Weiss, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

Petitioner Carl Walter Ruby was granted a belated criminal appeal by the Circuit Court for Allegany County pursuant to that court's grant of his petition for writ of error *coram nobis*. Petitioner appealed to the Court of Special Appeals. Upon a motion by the State and based upon the intermediate appellate court's determination that it lacked jurisdiction to hear the matter because, in its view, the circuit court had improperly granted the petition for writ of error *coram nobis*, the Court of Special Appeals dismissed petitioner's belated appeal. We granted certiorari to address that dismissal.

We shall vacate the Court of Special Appeals' dismissal and remand the matter to that court to address the issues raised by petitioner in his belated criminal appeal.

## I. Facts and Procedural History

Petitioner was involved in an automobile accident in Cumberland, Maryland, on November 25, 1993. According to Mary O'Neal, her car was struck by a car occupied by petitioner and his mother. O'Neal testified that petitioner was the driver of the car and petitioner's mother was the passenger. After the accident, petitioner's mother urged O'Neal not to contact the police to report the accident. The police were called and when they arrived, it was learned that petitioner's driver's license was suspended. Petitioner told

the state trooper that his mother had been the driver. Both petitioner and his mother testified at trial that she was driving the car when the accident occurred.

Petitioner was convicted by a jury in the Circuit Court for Allegany County of driving while suspended and knowingly giving false accident report information to a police officer. He was convicted separately by the court of failure to yield the right of way. Petitioner was sentenced to consecutive terms of sixty days and one year in the Allegany County Detention Center, plus a fine of fifty dollars and two years of unsupervised probation following his release from custody. The Court of Special Appeals affirmed petitioner's convictions in an unreported opinion, filed April 25, 1995.

After the intermediate appellate court affirmed petitioner's convictions, he filed a motion for new trial on June 22, 1995, on the ground of newly discovered evidence.[1] The motion was denied following a hearing on September 20, 1995, at which petitioner appeared without counsel. Petitioner appealed, and the Court of Special Appeals vacated that denial in an unreported opinion, filed June 12, 1996. That court held the trial court inadequately inquired into petitioner's waiver of counsel and remanded the matter to the circuit court for a new hearing on the motion for new trial.

Pursuant to the remand by the Court of Special Appeals, the circuit court held another hearing on the motion for new trial on December 5, 1996, but held its decision *sub curia.* The next day, the court issued a memorandum opinion and order denying the motion. Evidently, the court clerk failed to send a copy of the order to both petitioner and the State's Attorney. Petitioner became aware of the court's action after the thirty-day period for filing a timely appeal expired.

On March 18, 1997, petitioner filed a motion for a belated appeal of the trial court's December 6, 1996, denial of his motion for a new trial. The circuit court denied petitioner's

---

1. The newly discovered evidence was a report by Nationwide Insurance Company, petitioner's mother's insurer, that named petitioner's mother as the driver of the car when the accident occurred.

motion for a belated appeal on March 25, 1997. Petitioner sought reconsideration of the order denying his motion for a belated appeal on April 1, 1997, which was denied on April 17, 1997. Petitioner also filed a motion for reconsideration of the denial of his motion for new trial on April 1, which the court similarly denied on April 21.

Petitioner then filed in the circuit court a Petition for Writ of Error *Coram Nobis* on May 2, 1997, requesting as relief a belated appeal of the December 6, 1996, denial of his motion for a new trial. This petition was assigned a civil ("Misc.") case number, and was dealt with as a civil matter. The circuit court, sitting as a civil court, issued the writ on May 30, 1997, granting petitioner a belated appeal of the denial of his motion for a new trial in his original criminal case. The State did not appeal from the circuit court's grant of the Writ of Error *Coram Nobis.*

Petitioner noted a belated appeal in the criminal case on June 4, 1997, pursuant to the leave granted by the writ.[2] The Court of Special Appeals, upon a motion by the State, dismissed the appeal in a reported opinion, holding that it did not have jurisdiction to hear the appeal because the circuit court improperly issued the writ of error *coram nobis.* This Court issued a writ of certiorari on August 26, 1998. Because the Court of Special Appeals considered and decided the wrong case, we shall, as we have indicated, vacate its judgment and order that court to consider the question properly raised by petitioner in his belated appeal.[3]

## II. Discussion and Analysis

 A writ of error *coram nobis* is a common law tool primarily used to correct factual errors by a court. This

---

**2.** The question petitioner presented to the Court of Special Appeals in his belated appeal was: "Did the trial court abuse its discretion by denying the motion for new trial?"

**3.** We are cognizant that the Court of Special Appeals discussed the issues raised by petitioner as dictum in its opinion. A remand is necessary because it was dictum, not the holding in the case. We do not, in this proceeding, address the conclusions reached in the dictum.

Court has discussed its use and application many times. Judge Delaplaine described the writ most thoroughly in *Madison v. State*, 205 Md. 425, 432, 109 A.2d 96, 99 (1954):

> At common law the ancient writ of error *coram nobis* has been available to correct errors of fact. It has been allowed, without limitation of time, for facts affecting the validity and regularity of the judgment, and has been used in both civil and criminal cases. While the occasions for its use have been infrequent, no one has doubted its availability. It is still available in Maryland in both civil and criminal cases.... [C]*oram nobis* will not lie (1) to correct an issue of fact which has been adjudicated, even though wrongly determined, or (2) to determine whether any witnesses testified falsely at the trial, or (3) to present newly discovered evidence, or (4) to strike out a conviction on the ground that the prosecuting witness was mistaken in his identification of the accused as the person who committed the crime. The purpose of the writ is to bring before the court facts which were not brought into issue at the trial of the case, and which were material to the validity and regularity of the proceedings, and which, if known by the court, would have prevented the judgment.

*See also Johnson v. State*, 215 Md. 333, 336, 138 A.2d 372, 373 (1958); *Bernard v. State*, 193 Md. 1, 3–4, 65 A.2d 297, 298 (1949); *Keane v. State*, 164 Md. 685, 689–93, 166 A. 410, 411–13 (1933); *Hawks v. State*, 162 Md. 30, 31–32, 157 A. 900, 901 (1932); *Jones v. State*, 114 Md.App. 471, 475, 691 A.2d 229, 230–31, *cert. denied*, 346 Md. 27, 694 A.2d 950, *and cert. denied*, —— U.S. ——, 118 S.Ct. 304, 139 L.Ed.2d 234 (1997). *See also United States v. Morgan*, 346 U.S. 502, 507–08, 74 S.Ct. 247, 250–51, 98 L.Ed. 248 (1954). Because Maryland adopted the Common Law of England as it existed on July 4, 1776, subject to constitutional conflict, legislative amendment, or modification by this Court, *see* Md. Declaration of Rights, Art. 5(a), the common law writ of error *coram nobis* is a procedure still available in this State. We expressly recognized its use and availability in *Madison*, 205 Md. at 432, 109 A.2d at 99. The usefulness of the writ of error *coram nobis*

has been diminished, however, to some extent, by the Post Conviction Procedure Act (the Act).[4]

■ A writ of error *coram nobis*, like a habeas corpus proceeding and a proceeding under the Act, still may be used to collaterally challenge a criminal judgment. We have said: "A defendant who is prevented from challenging the constitutionality of a prior conviction ... is not thereby divested of an opportunity for relief. That defendant may thereafter mount *a collateral challenge* by any means that remain available, including ... error *coram nobis* ...." *Fairbanks v. State*, 331 Md. 482, 492–93, 629 A.2d 63, 68 (1993) (some emphasis added; footnote omitted). We also noted in *Fairbanks* that "[t]he writ of error *coram nobis*, addressed to the court that entered judgment, may be available to the defendant who is no longer in custody." *Id.* at 492 n. 3, 629 A.2d at 68 n. 3. *See also Gluckstern v. Sutton*, 319 Md. 634, 662, 574 A.2d 898, 912 (describing the Post Conviction Procedure Act as a statutory

---

4. The Post Conviction Procedure Act, Maryland Code (1958, 1996 Repl.Vol., 1998 Cum.Supp.), Article 27, section 645A, was enacted in 1958 "to create a simple statutory procedure, in place of the common law habeas corpus and coram nobis remedies, for collateral attacks upon criminal convictions and sentences." *Gluckstern v. Sutton,* 319 Md. 634, 658, 574 A.2d 898, 909, *cert. denied,* 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990). The Act did not abolish appeals in habeas corpus proceedings, however. In 1965, the Legislature added new language to the Act in subsection (e), which this Court has interpreted as allowing appeals from habeas corpus cases "[i]n situations where the Post Conviction Procedure Act did not provide a remedy, and thus was not a substitute for habeas corpus." *Id.* at 662, 574 A.2d at 912. The Act does not provide a remedy, for example, when the defendant is not incarcerated or subject to parole or probation. *See Fairbanks v. State,* 331 Md. 482, 492 n. 3, 629 A.2d 63, 68 n. 3 (1993) ("Post-conviction and habeas corpus remedies are available only if the defendant is in custody or subject to conditions of parole or probation." (citing *McMannis v. State,* 311 Md. 534, 539–47, 536 A.2d 652, 654–58 (1988))). The Court of Special Appeals extended this reasoning to *coram nobis* cases and determined that the right of appeal in *coram nobis* actions survived the adoption of section 645A(e) of Article 27. *See Jones,* 114 Md.App. at 478, 691 A.2d at 232. This Court has yet to address the correctness of the Court of Special Appeals' ·decision in *Jones* and we do not do so now because, as we shall explain, the issue is not properly before us as it was not properly before the Court of Special Appeals.

substitute, under most circumstances, for the collateral common law remedies of habeas corpus and writ of error *coram nobis* ), *cert. denied,* 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990); *Jones,* 114 Md.App. at 478, 691 A.2d at 232 (explaining that a "writ of error coram nobis remains available . . . as a remedy to mount a collateral attack upon a prior conviction or sentence."). *Cf. Blizzard v. State,* 218 Md. 384, 388–89 & n. 3, 147 A.2d 227, 229–30 & n. 3 (1958) (noting overlap of the Act and Defective Delinquent Law, which was a civil proceeding, and similarity between the Act and former habeas corpus cases, which were civil in nature); *Roberts v. Director of Patuxent Institution,* 226 Md. 643, 652, 172 A.2d 880, 885 (1961) (noting *Blizzard* analogy and holding post conviction procedures were not appropriate because applicant was not attacking validity of sentence; rather, habeas corpus or other collateral proceedings would be proper).

A collateral challenge, by its very nature, is a separate and distinct civil procedure by which a defendant may challenge his or her conviction, sentence, or imprisonment. *See State Bar Ass'n, Inc. v. Kerr,* 272 Md. 687, 689–90, 326 A.2d 180, 181 (1974) (noting, in discussing the concept of final judgments, that the federal post conviction act, "like its Maryland counterpart, the Post Conviction Procedure Act (Maryland Code (1957, 1971 Repl.Vol.), Art. 27, § 645A *et seq.*), does not constitute a part of the original criminal cause, but is an independent and collateral civil inquiry into the validity of the conviction and sentence."). Because collateral challenges are separate from the underlying judgment, the filing of such an action typically initiates an entirely new action in which the defendant sets forth his or her claims. If the defendant prevails in the civil court where he or she sought collateral relief, that court then issues the writ directing the criminal court pursuant to the terms of the writ.

At common law, a proceeding on a writ of error *coram nobis* was a civil matter procedurally independent of the underlying judgment being contested. *See United States v. Hayman,* 342 U.S. 205, 221 n. 36, 72 S.Ct. 263, 273 n. 36, 96 L.Ed. 232 (1952)

(explaining that the Reviser's Note to the federal post conviction statute, 28 U.S.C. § 2255 (1995), which stated that section 2255 was "in the nature of" a writ of error *coram nobis*, meant that "a Section 2255 proceeding, like *coram nobis*, is an independent action brought in the court that entered judgment."); *State v. King*, 191 Kan. 318, 319, 380 P.2d 325, 326 (1963) (recognizing that under the common law, applications for writs of error *coram nobis* were civil in character); *State v. Turner*, 194 Neb. 252, 256, 231 N.W.2d 345, 349 (1975) (noting that at common law, a proceeding on a writ of error *coram nobis* was a civil matter); *People v. Holland*, 27 Misc.2d 345, 345, 209 N.Y.S.2d 58, 59 (1960) (noting that a writ of error *coram nobis* was, at common law, a civil proceeding), *appeal dismissed*, 13 A.D.2d 518, 212 N.Y.S.2d 569 (1961).

Most other jurisdictions agree that a proceeding on a writ of error *coram nobis* remains a civil matter independent of the underlying case even though its resolution may affect the underlying case. *See generally Ex parte Wilson*, 275 Ala. 439, 440, 155 So.2d 611, 612 (1963) ("Coram nobis proceedings are essentially civil in nature...."); *State ex rel. Cutsinger v. Spencer*, 219 Ind. 148, 155, 41 N.E.2d 601, 603 (1941) ("[T]he petition for the writ of error *coram nobis* must be considered a new proceeding, civil in nature...."); *State v. Miller*, 161 Kan. 210, 214, 166 P.2d 680, 683, *cert. denied*, 329 U.S. 749, 67 S.Ct. 76, 91 L.Ed. 646 (1946) (recognizing common law rule that "the proceedings upon an application for a writ of error coram nobis were, like proceedings in habeas corpus, regarded as civil in character."); *Commonwealth v. Sirles*, 267 S.W.2d 66, 66 (Ky.1953) ("Proceedings on coram nobis are essentially a civil action...."); *State v. Smith*, 324 S.W.2d 707, 711–12 (Mo.1959) ("Writs of error coram nobis ..., like habeas corpus proceedings, are in their nature civil rather than criminal proceedings."); *State v. Cerny*, 365 Mo. 732, 736, 286 S.W.2d 804, 806 (1956) (noting that proceedings on writs of error *coram nobis* are civil rather than criminal); *Moore v. Moore*, 222 Tenn. 1, 3, 431 S.W.2d 754, 755 (1968) (describing a proceeding for a suit for writ of error *coram nobis* as a "new action"); *Dobie v. Commonwealth*, 198 Va. 762, 769, 96 S.E.2d

747, 752 (1957) (explaining that a writ of error *coram nobis* "is in the nature of a civil action"); *but cf. People v. Paiva,* 31 Cal.2d 503, 505, 506, 190 P.2d 604, 606, 608 (1948) (noting that although proceedings on a writ of error *coram nobis* are civil in nature, they are part of the original criminal case, not a new adversarial suit). Some courts have held that although the *coram nobis* proceeding is collateral to the underlying criminal matter, it is not an independent civil action. *See generally Dwyer v. State,* 151 Me. 382, 393, 120 A.2d 276, 283 (1956) (holding that a proceeding on a writ of error *coram nobis* is part of the underlying criminal matter); *State v. Endsley,* 214 Or. 537, 541–42, 331 P.2d 338, 340 (1958) (explaining that a writ of error *coram nobis* is like a motion for new trial and, therefore, part of the original criminal proceeding rather than a separate civil matter).

The federal circuits are split on this issue. *Compare United States v. Cooper,* 876 F.2d 1192, 1194 (5th Cir.1989), *abrogated on other grounds by Smith v. Barry,* 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), *United States v. Balistrieri,* 606 F.2d 216, 220–21 (7th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980), *Neely v. United States,* 546 F.2d 1059, 1065–66 (3d Cir.1976), *United States v. Keogh,* 391 F.2d 138, 140 (2d Cir.1968), *and United States v. Tyler,* 413 F.Supp. 1403, 1404–05 (M.D.Fla.1976) (each case noting that *coram nobis* proceedings are civil in nature), *with Telink, Inc. v. United States,* 24 F.3d 42, 46 (9th Cir.1994), *Yasui v. United States,* 772 F.2d 1496, 1499 (9th Cir.1985), *United States v. Mills,* 430 F.2d 526, 528 (8th Cir.1970), *cert. denied,* 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971), *Booker v. Arkansas,* 380 F.2d 240, 243 (8th Cir.1967), *rev'd on other grounds sub nom., Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), and *United States v. Hanks,* 340 F.Supp. 625, 626 (D.Kan.1972) (all holding that a proceeding on a writ of error *coram nobis* is a step in the criminal proceeding, not an independent civil action). Commentator's [5]

---

**5.** *See, e.g.,* Brendan W. Randall, Comment, *United States v. Cooper: The Writ of Error Coram Nobis and the Morgan Footnote Paradox,* 74 MINN. L. REV. 1063, 1084 (1990).

note that the split among the federal circuits, to some extent, has been caused by footnote four in *Morgan,* 346 U.S. at 505 n. 4, 74 S.Ct. at 249 n. 4, 98 L.Ed. 248. That opinion has been characterized as resurrecting, "phoenix-like from the ashes of American jurisprudence," petitions for writ of error *coram nobis* in federal criminal causes under the authority of the All Writs Act, 28 U.S.C. § 1651(a) (1994). *Balistrieri,* 606 F.2d at 219. Footnote four reads, in pertinent part:

> Such a motion [on writ of error *coram nobis* ] is a step in the criminal case and not like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. While at common law the writ of error coram nobis was issued out of chancery like other writs, the procedure by motion in the case is now the accepted American practice. As it is such a step, we do not think that Rule 60(b), Fed. Rules Civ. Proc., expressly abolishing the writ of error *coram nobis* in civil cases, applies. This motion is of the same general character as one under 28 U.S.C. § 2255.

*Morgan,* 346 U.S. at 505 n. 4, 74 S.Ct. at 249 n. 4, 98 L.Ed. 248 (citations omitted). The paradox in the footnote is that the Supreme Court first contrasted a writ of error *coram nobis* with a habeas corpus proceeding, which is historically a separate civil procedure, but then in the same footnote likened the writ to a civil post conviction action under section 2255. Courts holding that a writ of error *coram nobis* is a separate civil proceeding reason that the Supreme Court meant to distinguish *coram nobis* proceedings from habeas corpus proceedings because, although not an entirely new civil proceeding like habeas corpus proceedings, "a coram nobis motion is a step in a criminal proceeding yet is, at the same time, civil in nature and subject to the civil rules of procedure," as are the post conviction proceedings under section 2255. *Balistrieri,* 606 F.2d at 221; *see also Cooper,* 876 F.2d at 1194. Courts holding alternatively follow the interpretation that footnote four meant to convey that writs of error *coram nobis* were to be construed only as steps within the same criminal case. *See Yasui,* 772 F.2d at 1499. Notwithstanding any disagreements

among the courts of the federal circuits, no confusion as to the nature of a writ of error *coram nobis* exists in this jurisdiction.

As we have noted, this State adopted England's common law, subject to constitutional conflict, legislative change, or judicial modification. For various reasons, the General Assembly limited the right to appeal in common law habeas corpus and *coram nobis* proceedings for defendants who are in custody or on probation when it adopted the Post Conviction Procedure Act. *Gluckstern,* 319 Md. at 658, 574 A.2d at 908. We have noted, however, that the Act is not a substitute for common law remedies when, for example, the defendant *is not in custody or on probation or parole. See Fairbanks,* 331 Md. at 492 n. 3, 629 A.2d at 68 n. 3. The original common law remedies with their common law attributes continue to be viable. In that regard, a writ of error *coram nobis* remains a civil matter in Maryland, independent of the underlying action from which it arose.

Turning to the case at hand, petitioner's original criminal trial, subsequent motion for new trial, and the belated appeal of the denial of petitioner's last Motion for New Trial all were part of the criminal case, Case Number 5337 C.A., in the Circuit Court for Allegany County. When petitioner filed his Petition for Writ of Error *Coram Nobis,* a new case file was opened because such a petition creates a separate civil action collateral to the underlying criminal matter. The petition proceeded under Case Number 3320 Misc., a civil case number, and the writ was granted under that case number. The grant of the writ in the civil case directed the criminal court to afford petitioner permission to file a belated appeal in the criminal case. Petitioner then filed a notice of appeal in the present criminal case. The State, however, had failed to file any appeal of the grant of the writ of error *coram nobis* in the civil case. That decision, therefore, is final. The correctness of the trial court's grant of the writ of error *coram nobis* was, after the time for appeal had passed, no longer appealable.

As we have noted, instead of appealing from the grant of the writ of error *coram nobis,* the State attempted to challenge the grant of the writ by filing a motion to dismiss in petitioner's belated criminal appeal with the Court of Special Appeals. That motion was based upon the State's claim that the trial court erred in granting the writ of error *coram nobis.* The State thus was using a motion to dismiss a criminal appeal to attack a judgment rendered in a civil case. The Court of Special Appeals, nonetheless, granted the State's motion, explaining:

> · The trial court's grant of a writ of error *coram nobis* was inappropriate because the error [petitioner] relies upon to validate the issuance of the writ does not relate to any fact not known at either the hearing on his motion for new trial or at [petitioner]'s original trial that would have affected the entry of judgment. The indirect and ultimate purpose of [petitioner]'s efforts is to place "newly discovered evidence" before the court and to correct an adjudicated issue of "fact" that [petitioner] believes has been wrongly decided. A writ of error *coram nobis* does not lie for such purposes. Hence, we are without jurisdiction to entertain any arguments [petitioner] might have raised by the grace of that writ.

*Ruby v. State,* 121 Md.App. 168, 177, 708 A.2d 1080, 1084 (1998). The Court of Special Appeals determined it did not have jurisdiction to entertain the belated appeal granted petitioner pursuant to the writ of error *coram nobis.* Because that specific issue (the propriety of the grant of the writ) was not before it, the Court of Special Appeals erred. The only issues the intermediate appellate court should have decided were those pertaining to petitioner's appeal of the trial court's December 6, 1996, denial of his motion for a new trial in the criminal case.[6]

---

**6.** As we have indicated, the Court of Special Appeals referred to the denial of the motion for a new trial issue in dictum after dismissing the appeal pursuant to the State's motion to dismiss the appeal, stating what it would do if that issue were before it. On remand, it shall have the opportunity to address the issue—and determine it.

The State's motion to dismiss petitioner's appeal is where the confusion began. As we have noted, there is no record in the docket entries noting an appeal of the trial court's grant of the petition for writ of error *coram nobis* in the civil proceeding. Maryland Rule 8–202(a) mandates that a "notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." Failure of an aggrieved party to so file terminates its right of appeal and the appellate court acquires no jurisdiction to hear that matter. *See Houghton v. County Comm'rs*, 305 Md. 407, 413, 504 A.2d 1145, 1148 (1986). Therefore, because the State failed to appeal the final order of the circuit court issuing the writ of error *coram nobis*, the Court of Special Appeals did not have jurisdiction to address the propriety of that final civil order even in that civil case. Moreover, it had no jurisdiction to consider the propriety of the grant of the civil writ in petitioner's belated appeal of the denial of his motion for a new trial in the criminal case.

### III. Conclusion

The Court of Special Appeals did not have jurisdiction to determine the propriety of the trial court's grant of the petition for writ of error *coram nobis* because the State did not note an appeal of the grant of that petition. We shall vacate the judgment of the intermediate appellate court and order it to consider on remand the issues raised by petitioner on belated appeal from the trial court's denial of his motion for new trial.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS IN THIS COURT TO BE PAID BY ALLEGANY COUNTY; COSTS IN THE COURT OF SPE-CIAL APPEALS TO ABIDE THE RESULT.**