The Brownstones at Park Potomac Homeowners Association v. JPMorgan Chase Bank, N.A., No. 13, September Term, 2015

**MOTION TO DISMISS – JURISDICTION – MARYLAND RULE 7-104(e) (2014) – ENTRY OF JUDGMENT –** Court of Appeals dismissed appeal for lack of jurisdiction because party's appeal from District Court to circuit court was untimely.

Circuit Court for Montgomery County
Case No. 8979-D

Argued: October 5, 2015

IN THE COURT OF APPEALS

OF MARYLAND

No. 13

September Term, 2015

_____

THE BROWNSTONES AT PARK POTOMAC
HOMEOWNERS ASSOCIATION

v.

JPMORGAN CHASE BANK, N.A.

_____

Barbera, C.J.
Battaglia
Greene
Adkins
McDonald
Watts
Harrell, Jr., Glenn T. (Retired,
Specially Assigned),

JJ.

_____

Opinion by Watts, J.

_____

Filed: October 8, 2015

We are asked to decide whether a lender who takes possession of property, but does not otherwise become the fee simple record owner of the property through foreclosure or a deed in lieu of foreclosure, is liable for homeowners' association assessments. Here, however, the petitioner's appeal from the District Court to a circuit court was untimely. Therefore, we dismiss the appeal for lack of jurisdiction; and, resolution of the question presented must wait for another day.

## BACKGROUND

On November 1, 2013, The Brownstones at Park Potomac Homeowners Association ("Petitioner") filed in the District Court of Maryland, sitting in Montgomery County ("the District Court") a complaint against JPMorgan Chase Bank, N.A. ("Respondent") alleging that Respondent had failed to pay homeowners' association dues since taking possession of property in Potomac, Maryland.

On November 27, 2013, Respondent filed a Notice of Intention to Defend generally denying the facts averred in the complaint as well as "any and all liability[.]" On January 28, 2014, Respondent filed a motion to dismiss. On March 10, 2014, the District Court conducted a hearing on the motion to dismiss and held the matter *sub curia*. Later that day, the District Court issued an order granting the motion to dismiss. According to its certificate of service, the District Court's order was sent to each party's counsel on March 10, 2014.

On April 10, 2014, Petitioner appealed to the Circuit Court for Montgomery County ("the circuit court"), which affirmed the judgment of the District Court without a hearing. Petitioner filed a petition for a writ of *certiorari*, which this Court granted. See

<u>Brownstones at Park Potomac v. JP Morgan Chase Bank</u>, 441 Md. 666, 109 A.3d 665 (2015).

**DISCUSSION**

Respondent moves to dismiss this appeal for lack of subject-matter jurisdiction, contending that Petitioner's appeal to the circuit court was untimely. Respondent alleges that the District Court's order dismissing the case was entered on the docket on March 10, 2014, and that Petitioner's notice of appeal was not filed until April 10, 2014, one day after expiration of the thirty-day appeal period. Petitioner responds that the District Court docket is ambiguous as to the date on which the District Court's order was entered. Petitioner argues that, in light of alleged ambiguity on the docket, and because Respondent has not previously raised an issue as to the timeliness of the filing of the notice of appeal, this Court should deny the motion to dismiss.

Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol., 2015 Supp.) § 12-401(e)(1) sets forth the time for filing an appeal from an order of the District Court, stating: "Except as provided in paragraph (2) of this subsection, an appeal shall be taken by filing an order for appeal with the clerk of the District Court within 30 days from the date of the final judgment from which appealed." Correspondingly, Maryland Rule 7-104(a), concerning the timing for filing an appeal from the District Court to a circuit court, clearly provides that, "[e]xcept as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." At the time when the judgment and appeal were filed in this case, Maryland Rule 7-104(e) defined "entry" for purposes of the Rule as "occur[ring] on the **day when the**

**District Court first makes a record in writing of the** judgment, notice or **order** on the file jacket, or **on a docket within the file**, according to the practice of that court, **and records the actual date of the entry**." Md. R. 7-104(e) (2014) (emphasis added).[1]

It is of no consequence that Respondent has not previously raised an issue concerning the appeal's timeliness. See Md. R. 8-131(a) ("The issue[] of jurisdiction of the trial court over the subject matter . . . may be raised in and decided by the appellate court whether or not raised in and decided by the trial court."). In this case, the appeal to the circuit court was untimely—mandating dismissal of the instant appeal for lack of jurisdiction. Cf. Ruby v. State, 353 Md. 100, 113, 724 A.2d 673, 679 (1999) (In discussing an appeal from a circuit court to the Court of Special Appeals, we stated: "Maryland Rule 8-202(a) mandates that a 'notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken.' Failure of an aggrieved party to so file terminates its right of appeal[,] and the appellate court acquires no jurisdiction to hear that matter." (Citation omitted)).

---

[1]On March 2, 2015, this Court adopted an amendment to Maryland Rule 7-104(e), which became effective on July 1, 2015; as such, Maryland Rule 7-104(e) currently provides: "'Entry' . . . occurs on the day when the District Court enters a record on the docket of the electronic case management system used by that Court." The amendment to Maryland Rule 7-104(e) corresponded to an amendment of Maryland Rule 3-601(b), which currently provides that "the date of the judgment [in District Court] is the date that the clerk enters the judgment on the electronic case management system docket[.]" The Standing Committee on Rules of Practice and Procedure stated that these amendments were needed because the previous version of Maryland Rule 3-601(b), "governing the method of entering judgments, [was] obsolete and [was] not being followed anywhere in the State" "because all judgments are entered electronically so they can go on Case Search." Standing Committee on Rules of Practice and Procedure, 186th Report (Sept. 26, 2014), at 11, available at mdcourts.gov/rules/reports/186th.pdf. The amendment to Maryland Rule 7-104(e) was to conform with the amendment to Maryland Rule 3-601(b). Id.

There is no ambiguity in the record as to the date on which judgment was entered in the District Court. The District Court docket contains multiple entries dated March 10, 2014. One entry, labeled "General Dismissal," states: "Complaint dismissed by court[.]" (Capitalization omitted). Another entry, labeled "Trial Delete," states: "Dismissal entered[.]" (Capitalization omitted). Significantly, another entry is labeled "Court Order Entered" and spans five lines on the docket, stating: "Based on the foregoing and after consideration on this 10th day of March 2014 it is therefore ordered that [Respondent]'s motion to dismiss is granted and it is further ordered that the above referenced suit is dismissed with prejudice." (Capitalization omitted). Thus, it is evident that judgment was entered on March 10, 2014.

Docket entries for March 11, 2014, state: (1) "Comment" stating "file rec'd back in Rockville"; (2) "Trial/Hearing Postponement" stating "prev set on 11052013"; and (3) "Notice Sent" stating "Notice of Trial Postponement (ATP)-C1" and "Also sent to – ATD[.]" (Capitalization omitted).[2] The docket also contains several entries dated March 28, 2014, including: (1) "Motion Change" stating "to dismiss"; (2) "Notice Sent" stating "Notice of outcome of motion filed" and "also sent to – ATD"; and (3) "Notice Sent" stating "Notice of Dismissal" and "also sent to – ATD." (Capitalization omitted). A copy of the District Court's Order, signed on March 10, 2014, contains the handwritten initials "TM" and a small date stamp on the bottom-left corner reading "Mar 28 2014."

Pursuant to Maryland Rule 7-104(e) (2014), we conclude that the District Court's

---

[2]"ATP" and "ATD" are shorthand for "attorney for plaintiff" and "attorney for defendant," respectively.

order dismissing the case was entered onto the docket within the file, as the docket entries state, on March 10, 2014; *i.e.*, on March 10, 2014, "the District Court first ma[d]e[] a record in writing of the . . . order on . . . [the] docket within the file, . . . and record[ed] the actual date of the entry" by notating and entering onto the electronic docket the order dismissing the case. Petitioner had thirty days from that date to file a notice of appeal. The docket entries are not "ambiguous," as Petitioner urges this Court to conclude. Certain docket entries for March 10, 2014, are specifically and expressly labeled "Court Order Entered" and detail that the motion to dismiss was granted and that the case was dismissed with prejudice. The docket entries for March 11, 2014, are routine ministerial entries detailing that the file returned to Rockville and that the trial previously set was postponed. And the docket entries for March 28, 2014, note simply that a notice of the outcome of the motion to dismiss and a notice of dismissal were sent out by the clerk's office. The date on which the clerk's office sends a notice is not the date of the entry of the order for purposes of Maryland Rule 7-104(a). As stated above, Maryland Rule 7-104(e) (2014) defined "entry" as "occur[ring] on the day when the District Court first makes a record in writing of the . . . order . . . on a docket within the file, . . . and records the actual date of the entry[,]" and not as the date on which the District Court sends a "notice" that a particular event was entered onto docket. Furthermore, according to its certificate of service the District Court's order was sent to each party's counsel on March 10, 2014; in other words, there is simply no basis for Petitioner's position that the District Court's order was not docketed until March 28, 2014.

Petitioner had thirty days from March 10, 2014, to note an appeal of District Court's

- 5 -

order dismissing the case. Thirty days from March 10, 2014, was April 9, 2014; however, Petitioner noted an appeal to the circuit court on April 10, 2014, one day after expiration of the thirty-day appeal period set forth in Maryland Rule 7-104(a). Petitioner has not identified any rule, statute, or case extending its time for noting an appeal, and we know of none applicable under these circumstances. Petitioner, like any other party, is responsible for complying with the Maryland Rules, including Maryland Rule 7-104(a). See Woodfield v. West River Imp. Ass'n, Inc., 395 Md. 377, 388-89, 910 A.2d 452, 459 (2006) ("When a legislative body commands that something be done, using words such as 'shall' or 'must,' rather than 'may' or 'should,' we must assume, absent some evidence to the contrary, that it was serious and that it meant for the thing to be done in the manner it directed. In that sense, the obligation to comply with the statute (or rule) is both mandatory and directory." (Citation omitted)). In this case, we conclude that the appeal to the circuit court was untimely and that, not only did the circuit court lack jurisdiction for the appeal, but also this Court lacks jurisdiction to address the appeal on *certiorari*.

**APPEAL DISMISSED. PETITIONER TO PAY COSTS IN THIS COURT AND IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY.**