## WILLIS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 22, September Term, 1959.]

*Decided October 26, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Richard C. Willis prays leave to appeal under the Post Conviction Procedure Act. He was convicted of grand larceny in the Criminal Court of Baltimore, and was sentenced, on May 2, 1957, (to date from March 13, 1957), to five years' confinement in the penitentiary. He contended at his post conviction hearing below that: (1), he requested, but was denied, counsel at the time of his original trial; (2), after his conviction, he attempted to appeal, but his attempt was frustrated by the action or non-action of the trial judge; and (3), because of the errors committed in (1) and (2), he is now entitled to an immediate release from custody.

(1)

Chief Judge Niles of the Supreme Bench of Baltimore, who heard the post conviction proceeding below, held that the offense charged against the applicant was a "serious" one under Maryland Rule 723 b, and he had been erroneously denied the right of counsel to assist him at his trial.

(2)

Judge Niles also held that the applicant was not entitled to a delayed appeal. Applicant's claim of the right to such an appeal was based upon a letter written to the original trial judge the day after the applicant's conviction but before his sentence in which he stated, in substance, "I want to appeal,

but I don't know how and have no money or friends to turn to." Thereafter, no effort was made by the petitioner to institute an appeal in any manner, although he was sentenced, as above noted, on May 2, 1957. Judge Niles based this ruling upon the fact that the applicant "did not do all that he could [to effect an appeal], in fact he did nothing after sentence except to bring a *habeas corpus* proceeding [over a year later]." Cf. *Beard v. Warden,* 211 Md. 658, 661, 128 A. 2d 426.

(3)

Judge Niles further held that the applicant was not entitled to an immediate release, but, due to the error mentioned in (1), failure of the trial judge to appoint counsel, he should be granted a new trial, if he desired one, at which he would be represented by counsel. The offer of a new trial with representation by counsel was declined by the petitioner,[1] who stated that he wanted to stand or fall upon his right to be presently released.

If we assume, without deciding, that Judge Niles was correct in his ruling under (1), failure to appoint counsel, and in error in his holding under (2), that the applicant is not entitled to a delayed appeal (both assumptions being favorable to the petitioner), it is obvious that the most favorable ruling that he could obtain from us would be that he is entitled to a delayed appeal; and, upon a hearing of such appeal, if we determine that the trial court committed error, we would remand the case for a new trial with representation by counsel—exactly the same thing that was offered to, and refused by, the applicant. It is elementary law that when it is determined

---

1. His reasons for denying the new trial were not without possible merit. He stated that while his decision in the matter had not been arrived at easily, he must decline the new trial; that more than one-half of his sentence had been served, and while he was inclined to believe, in the event of a second conviction, the court would impose no greater penalty, he would not be justified in placing "a blind faith of dependence" therein; and that he was well aware of the greater penalty that could be imposed, and the possibility thereof, due to his past criminal record which would "try the impartiality of the Almighty himself, to say nothing of his humanity."

upon appeal that the trial court has committed error in a criminal case, the case is, ordinarily, remanded for a new trial. Among the numerous cases illustrating this point, see the recent cases of *Nolan v. State,* 213 Md. 298, 131 A. 2d 851, and *Felkner v. State,* 218 Md. 300, 146 A. 2d 424. And the same rule was applied in *Coates v. State,* 180 Md. 502, 25 A. 2d 676, where it was held that the defendant had been denied constitutional rights because of the failure of the trial court to appoint counsel to assist in his defense.

The petitioner having declined to accept the most favorable holding that he could receive under the circumstances of his case, the application will be denied.

*Application denied.*